(No. 43213.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee v. HENRY E. GOODWIN, Appellant.

*Opinion filed December 17, 1971.*

ILLINOIS DEFENDER PROJECT (HOWARD K. PRIESS II, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DeWULF, State's Attorney, of Rock Island, (THOMAS J. IMMEL, Assistant Attorney General, and ROBERT C. SHEARER, Assistant State's Attorney, of counsel,) for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County dismissing defendant's post-conviction petition. On April 9, 1965, defendant pleaded guilty to a charge of murder and was sentenced to the penitentiary for a term of 25 years to life. On July 12, 1968, defendant filed a *pro se* petition seeking post-conviction relief. (Ill.Rev.Stat. 1967, ch. 38, par. 122—1 *et seq.*) Subsequently appointed counsel filed an amended petition which was dismissed without an evidentiary hearing and defendant now appeals.

The record of the plea hearing discloses that the defendant and the victim had been drinking and thereafter both went to a restaurant for breakfast. After leaving the restaurant, defendant claimed that he did not remember anything until he awakened in decedent's parked car and found the body of the victim alongside of him. He then fled with the victim's ring and wallet. Later, upon discovery of the body, it was determined that the deceased had died of a fractured skull apparently caused by blows inflicted by a brick in a burlap sack discovered in the car.

The ring and partially burned wallet were recovered in the vicinity of a home to which the defendant had fled. Defense counsel indicated to the court at the time of defendant's plea that even though he believed the evidence was circumstantial, it was sufficient to prove defendant guilty beyond a reasonable doubt and therefore he had advised defendant to plead guilty.

Prior to accepting the guilty plea the following colloquy ensued:

"THE COURT: You indicate that you advised him as to the possible penalty. What have you told him about the possible penalty?

DEFENSE COUNSEL: I told him the possible penalty, the worst that could happen, the jury could come back and recommend the electric chair and he could be electrocuted.

THE COURT: What about the other penalties that might be available in this case on his plea of guilty?

DEFENSE COUNSEL: I explained that the jury would have to take this recommendation before he would be electrocuted, that any other sentence would be handed down by the jury, the court would decide the sentence.

THE COURT: What about the variation in that?

DEFENSE COUNSEL: The minimum would be 14 years and the maximum would be life."

Thereafter the court proceeded to question the defendant regarding his plea. Defendant answered that he understood the charge against him and that he had a right to a jury trial at which he could call witnesses and offer evidence. The court then inquired as to whether the plea was free from any promises or threats and defendant replied that the plea was freely given. The court then continued:

"THE COURT: And that based entirely on

this plea of guilty and waiver of trial by jury, this court can sentence you to the Illinois State Penitentiary for life? You understand that?

DEFENDANT: Yes, sir.

THE COURT: And for any term from 14 years on up to life?

DEFENDANT: Yes, sir.

THE COURT: The court will accept your plea of guilty to this charge of murder."

Defendant now contends that he was denied a fair trial in that his plea of guilty was involuntary because the admonishments of both his attorney and the trial court coerced him to plead guilty in order to avoid a possible death sentence. The substance of this contention is reflected in the record which indicated that both the defense counsel and the court erred in advising the defendant as to the possible penalty which the trial court could impose upon a plea of guilty. It is clear from the aforementioned dialogue that the trial judge erroneously believed that he could not sentence the defendant to death on a plea of guilty. The statutory provision applicable at the time of defendant's trial provided that the court, on accepting a plea of guilty in a capital case, could sentence the defendant to death. Ill.Rev.Stat. 1965, ch. 38, par. 1–7(c)(2).

The issue of the validity of a guilty plea was recently discussed in *North Carolina v. Alford, 400 U.S. 25, 27 L.Ed.2d 162,* wherein the court stated, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Citations.] That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *(400 U.S. 25, at 31, 27*

*L.Ed.2d 162, at 168;* see also *People v. Scott, 49 Ill.2d 231,* and cases therein cited.) In the instant case, the defendant pleaded guilty pursuant to his counsel's advice which was based on the overwhelming evidence against the defendant. The record indicates that defendant admitted that no coercion had precipitated his plea. Moreover, the trial judge did not impose the death penalty. Therefore we hold that the trial court's mistaken explanation to the defendant as to the possible sentences which could be imposed did not substantially prejudice defendant so as to deny him his constitutional rights.

Defendant further argues that the trial court erred in accepting defendant's waiver of jury trial and plea of guilty because the court did not initially inform him of his right to a bench trial which he cannot knowingly waive unless he is apprised of his right. To support this contention defendant relies on *Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.*

In a recent decision dismissing a similar argument, we said "that an appropriate admonition and understanding of a right to trial by jury comprehends advice and understanding of a right to trial without a jury." *(People v. Wallace, 48 Ill.2d 252, 253.)* The record demonstrates that defense counsel informed defendant that he had a right to a jury trial but defendant waived this right. The defendant then submitted a signed jury waiver to the court. We hold that defendant's contention is without merit.

Defendant finally argues that the imposition of a sentence of from 25 years to life imprisonment is excessive in light of the facts of this case. After a consideration of the record in the instant case, we hold that the trial judge did not abuse his discretion in imposing sentence upon the defendant.

For the aforementioned reasons, the judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*