THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES R. BACHMAN, Defendant-Appellant.

Second District   No. 2—83—0610

Opinion filed August 30, 1984.

Keith E. Roberts, Richard F. Lanciloti, and Robert R. Verchota, all of Donovan & Roberts, P.C., of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, James R. Bachman, entered pleas of guilty to two counts of deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, par. 11—3(a)), two counts of aggravated kidnaping (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(a)(5)), and one count of indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, par. 11—4(a)(3)). The remaining counts of the 59-count indictment were dismissed pursuant to plea negotiations, which did not, however, encompass sentencing. Defendant was sentenced to terms of 24 years on the deviate sexual assault and aggravated kidnaping convictions and 10 years on the conviction for indecent liberties with a child, all to be served concurrently.

Defendant subsequently moved to withdraw his pleas of guilty. Alternatively, he sought to vacate the sentences imposed, to receive a new sentencing hearing, or to reduce the sentences. At a hearing on the defendant's post-trial motion, the trial court denied the motion, except that it reduced the sentences for aggravated kidnaping to 15 years. Defendant appeals.

I

We first consider defendant's contention that he should have been permitted to withdraw his pleas of guilty because they were not understandingly entered, in violation of Supreme Court Rule 402 (87 Ill. 2d R. 402). He claims that he was under the mistaken impression, along with the trial judge, defense counsel and the State's Attorney, that the aggravated kidnaping charges were Class X felonies when, in fact, none of the indictments charged kidnaping for ransom, and thus the kidnaping charges were Class 1 felonies. (See Ill. Rev. Stat. 1979, ch. 38, pars. 10—2(b)(1), (b)(2).) Trial counsel, in an affidavit, stated that he had advised the defendant that because aggravated kidnaping was a Class X felony, it made little difference relative to sentencing if he pleaded guilty to the deviate sexual assault charges, which were

Class X felonies (Ill. Rev. Stat. 1979, ch. 38, par. 11—3(b)).

Whether to permit a plea of guilty to be withdrawn is within the sound discretion of the trial court, not to be disturbed "unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that defendant has a defense worthy of consideration, or where there is doubt of guilt of the accused and the ends of justice would better be served by submitting the case to a trial." (*People v. Spicer* (1970), 47 Ill. 2d 114, 116.) A defendant bears the burden of proving that he entered a guilty plea under a misapprehension of the facts or of law, by showing "that the circumstances as they existed at the time of the plea, judged by objective standards, reasonably justified his mistaken impression." *People v. Hale* (1980), 82 Ill. 2d 172, 176; *People v. Smithey* (1983), 120 Ill. App. 3d 26, 33.

■■ ■ Here it is clear that all parties, including the judge, were under the mistaken impression that 30 charges of aggravated kidnaping which were being dismissed were Class X felonies, punishable by imprisonment for not less than six nor more than 30 years when, in fact, they were Class 1 felonies punishable by imprisonment for not less than four nor more than 15 years. (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—1(a)(3), (a)(4).) However, not every misstatement of law will entitle a defendant to a withdrawal of his plea unless substantial prejudice is demonstrated. (See *People v. Goodwin* (1971), 50 Ill. 2d 99, 103; *People v. Nichols* (1981), 96 Ill. App. 3d 354, 357.) Defendant has shown no substantial prejudice. The defendant's bargain was obviously for the purpose of disposing of all of the great number of remaining counts. He also pleaded guilty to Class X felonies, two counts of deviate sexual assault, as well as a Class 1 felony, indecent liberties with a child. He was, in fact, sentenced in the court's modified judgment to the maximum 15 years provided for a Class 1 felony on the aggravated kidnaping charges. Finally, defendant was thoroughly admonished, and he conceded that his pleas were not induced by any threats or promises and that he entered his plea understanding that there was no agreement as to sentencing.

*People v. Woodruff* (1977), 55 Ill. App. 3d 803, principally relied upon by the defendant, is inapposite. In *Woodruff*, the mistaken impression that defendant was charged with a Class 3 rather than with a Class 4 felony involved a single charge. In addition, prejudice was shown by the fact that a Class 3 felony could subject him to a maximum of five years' imprisonment, while the Class 4 felony with which he was actually charged could have resulted in a maximum three-year sentence. Consequently, defendant, in consenting to a sentencing recommendation of from one to three years' imprisonment, was under

the mistaken impression that he was being given some leniency in exchange for his plea.

Other cases cited by the defendant are inapposite as they focus upon rendering a guilty plea void due to the State's unfulfilled promises. Here there were no unfulfilled promises, since the agreement was to dismiss all the remaining counts without reference to their exact classification.

## II

■ Defendant next asserts that, where multiple convictions are tainted by improper sentencing, the cause must be remanded for resentencing. *People v. Jones* (1980), 89 Ill. App. 3d 1030, relied upon by the defendant to support this proposition, is distinguishable on its facts. In *Jones*, the trial court stated that the three crimes for which defendant was convicted were Class X offenses and sentenced defendant to three concurrent nine-year terms of imprisonment. On appeal, the State conceded that the trial court mistakenly classified one of the offenses, aggravated kidnaping, as a Class X crime. In remanding for resentencing the court concluded that it would not speculate as to how the trial court would have ruled had it not been mistaken as to both the number and severity of the offense. (89 Ill. App. 3d 1030, 1036.) In this case, however, unlike *Jones*, the error was remedied in the trial court and the judge reduced the aggravated kidnaping sentence to 15 years, from the 24 years initially imposed, and we need not speculate to uphold the sentence. Other cases cited by the defendant also involve remandment for resentencing after one of the convictions was vacated on appeal and are thereby inapposite.

## III

The defendant also argues that the court's conduct at the sentencing hearing prejudiced him.

### A

■ At the sentencing hearing certain poems written by the defendant which depicted fictionalized acts of violence, including murder and rape, were introduced into evidence. In support of his position that a new sentencing hearing should be granted due to the admission of the poems, defendant primarily relies on *People v. Devin* (1982), 93 Ill. 2d 326. However, *Devin* is clearly distinguishable from the facts of this case. In *Devin*, various conversations in which defendant described methods of torture killing and a letter in which he had admitted that he knew how to kill in cold blood and had al-

ready done so were admitted in the jury's consideration of the death sentence. Vacating the death sentence and remanding for resentencing, the supreme court concluded that the jury should have been given cautionary instructions. It noted that there was no corroborating evidence that any of the conduct described had in fact occurred and that it was possible that the jury may have reached a conclusion as to defendant's character and propensities on the basis of sociopathic fantasies rather than actual conduct. (93 Ill. 2d 326, 349.) Contrary to *Devin,* the poems here were not offered to prove that the defendant himself had ever actually committed heinous crimes. Rather, they were submitted to the court during the sentencing phase to reflect defendant's character and attitude.

There is also substantial difference in introducing testimony which may possibly mislead a jury in imposing the death sentence and in offering information to a sentencing judge who may search anywhere within reasonable bounds for accurate information concerning a defendant's life and characteristics. See, *e.g., People v. Meeks* (1980), 81 Ill. 2d 524, 535.

Moreover, it is apparent from the record that the trial judge did not consider the poems in imposing sentence. At the hearing on the motion to reduce the sentences the judge expressly stated that the poems were "not relevant according to the court" and were "not considered by the court," and no claim of a violation of defendant's rights arises. See *People v. Poll* (1980), 81 Ill. 2d 286, 289-90.

B

■ Defendant also contends that he was prejudiced by the State's improper argument at the sentencing hearing: (1) that defendant is likely to commit the crimes again due to his lack of education and employable skills, (2) that defendant acts out his fantasies in his poems, and (3) that defendant was guilty of exceptionally brutal or heinous conduct indicative of wanton cruelty. Even if there were error, and we find none, the argument is waived by defense counsel's failure to object. (See, *e.g., People v. Reynolds* (1980), 85 Ill. App. 3d 549, 555.) Further, in our view of the record, none of the defendant's contentions as to the improper argument, as applied to a sentencing hearing, rise to the threshold of plain error or would show incompetency of counsel.

C

■ Defendant also argues that his privilege against self-incrimination was violated at the sentencing hearing by the introduction of

statements he made during his presentencing interviews, since they were given without explicit *Miranda* warnings. We conclude that *Miranda* warnings are not required in connection with the submission by a defendant to a routine authorized presentence interview. See *Baumann v. United States* (9th Cir. 1982), 692 F.2d 565, 576.

Defendant's reliance on *Estelle v. Smith* (1981), 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866, is misplaced. In *Estelle*, the United States Supreme Court overturned a death sentence imposed by a Texas jury under bifurcated proceedings, when it concluded that under the particular circumstances the failure to provide defendant with *Miranda* warnings prior to the court-ordered psychiatric inquiry rendered his statements involuntary and not admissible at the penalty phase. (451 U.S. 454, 469, 69 L. Ed. 2d 359, 373, 101 S. Ct. 1866, 1876.) The Supreme Court expressly noted it did not hold that the same fifth amendment concerns "are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination." (*Estelle v. Smith* (1981), 451 U.S. 454, 469 n.13, 68 L. Ed. 2d 359, 373 n.13, 101 S. Ct. 1866, 1876 n.13.) The *Baumann* court interpreted the *Estelle* holding as being "limited to the distinct circumstances of the bifurcated capital proceedings presented in that case." (*Baumann v. United States* (9th Cir. 1982), 692 F.2d 565, 576; see also *United States v. Hinckley* (D.D.C. 1981), 525 F. Supp. 1342, 1349, *aff'd* (D.C. Cir. 1982), 672 F.2d 115.) We agree.

## D

■ Defendant has also argued that his sentences are excessive. There is no evidence in the record that the trial judge was unmindful of the testimony of witnesses who said that defendant was respectful, friendly and nonviolent, or of the provision of the presentence report describing his superior intellectual ability and his good employment record. It can be presumed that the sentencing judge considered this evidence in determining the appropriate sentences. (See *People v. Bergman* (1984), 121 Ill. App. 3d 100, 109.) The court did not abuse its discretion in imposing the sentences which were within the statutory range.

## E

■■ ■ Finally, defendant argues that he was denied effective assistance of counsel. He charges that his trial counsel was incompetent because his advice as to whether aggravated kidnaping was a Class X or a Class 1 felony was erroneous, because he failed to inform him

that any discussion of his prior drug use during his psychological interview could be used against him in sentencing, and because he failed to object to improper arguments by the State at the sentencing hearing. From our view of the entire record we conclude that there has been no showing of incompetence under the general requirement that the representation must produce substantial prejudice to the defendant without which the results would probably have been different. See *People v. Royse* (1983), 99 Ill. 2d 163, 168.

The judgments of the circuit court of Du Page County are therefore affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.