THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LENTON DAVIS, Defendant-Appellant.

Second District   No. 2—87—0303

Opinion filed November 3, 1988.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Lenton Davis, appeals his 10-year sentence for residential burglary imposed following a guilty plea. Defendant contends that the trial court improperly considered as evidence in aggravation the report of a psychologist who examined him for the purpose of determining his acceptability for a drug treatment program. We affirm.

On March 16, 1987, defendant pleaded guilty to residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3). Defendant filed a petition to be treated as an addict pursuant to the Alcoholism and Substance Abuse Act (the Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 6301 *et seq.*). The court granted defendant's petition and ordered defendant to be evaluated by Treatment Alternatives to Street Crime (TASC) to determine whether he would be accepted into its substance abuse program. Jeffrey Wysocki examined defendant and filed a report with the court indicating that TASC would not accept defendant for treatment. The report also contained other observations from defendant's interview and psychological tests. Wysocki wrote:

> "The data from the testing reveal a resentful and suspicious attitude with a tendency toward social intimidation. The data suggests [*sic*] a tendency toward aggressive behavior and intimidation. If provoked, sudden and unanticipated aggressive and possibly brutal behavior may occur."

At the sentencing hearing, the court read from Wysocki's report and stated:

> "I think that explains it in a nutshell. So the Court takes into consideration everything which TASC, through Jeffrey Wysocki, the consulting psychologist, wrote in this one-page report."

The court sentenced defendant to 10 years' imprisonment and subsequently denied defendant's motion to withdraw his guilty plea. Defendant brought this timely appeal.

■ Defendant contends that the trial court erred in considering the TASC report as evidence in aggravation at his sentencing hearing. We note that defendant did not include this issue in the motion to withdraw his guilty plea. Generally, a defendant's failure to include an issue in his motion to withdraw a guilty plea constitutes a waiver of that issue on appeal. (107 Ill. 2d R. 604(d); *People v. Bosworth* (1987), 160 Ill. App. 3d 714, 716; *People v. Bartik* (1981), 94 Ill. App. 3d 696, 698-99.) This rule applies even where the issue sought to be raised concerns only a sentencing error. (*Bartik*, 94 Ill. App. 3d at 698; *People v. Bryant* (1977), 45 Ill. App. 3d 428, 430 *aff'd* (1977), 68 Ill. 2d 261; *cf. People v. Robinson* (1980), 83 Ill. 2d 424, 428-29 (wherein the court noted the defendant's concession that a sentencing issue was

not included in the motion to withdraw his guilty plea and rejected his argument that the omission constituted ineffective assistance of counsel on the basis that the issue was not so obvious on the record to constitute ineffective assistance).) This court has recently stated that a defendant seeking to challenge his sentence following a guilty plea need only file a timely motion to withdraw his guilty plea and is not required to seek modification or reduction of his sentence to preserve that issue for appeal. (See *People v. Ulmer* (1987), 158 Ill. App. 3d 148, 150.) However, that case also involved a motion to reconsider the sentence which was not ruled upon, and we do not consider it authority for relieving defendant from his obligation to include all issues, including those related to sentencing, in the motion to withdraw his guilty plea. Because defendant did not do so in the instant action, he has not preserved the sentencing issue for appeal.

■ Indeed, defendant concedes that the issue "could be considered waived," but nonetheless argues that we should consider the issue on the basis that he lodged an objection at the sentencing hearing. We have reviewed the transcript of proceedings from the sentencing hearing and conclude that defendant did not state a proper objection sufficient to preserve the issue for review. At that hearing, the trial court denied defendant's petition to be treated as an addict on the basis that TASC found him to be potentially disruptive, dangerous to other clients, and unacceptable for treatment. In response, defense counsel stated:

> "For the record, I would certainly differ with that, in that I have spoken to [defendant], going back to my first contact with him, which was January 22nd, and he, from the very first time I met him, expressed an eagerness to get some drug rehabilitation. He was arrested immediately following his release from the hospital in Highland Park where he was admitted for an overdose, but I just want the Court to understand that he has from the very start professed a willingness to abide by drug rehabilitation requirements and recognized his need for the same."

The court thereafter stated that it was taking into consideration, among other things, everything that was set forth in the TASC report. At no point did defendant object *to the court using the report's conclusions in rendering sentence.* Defendant's mere *difference of opinion with the report's conclusions* does not constitute an objection to the court's use of the report's conclusions, and it is the court's use of the report's conclusions that defendant now alleges was error.

■ Notwithstanding our conclusion that defendant has waived

this issue on review, defendant urges this court to consider the issue pursuant to Supreme Court Rule 615(a), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." (107 Ill. 2d R. 615(a).) The plain error rule may be applied by a reviewing court where the evidence is closely balanced, where the error was of such magnitude that the accused was denied a fair trial, or where the error was so flagrant that it threatened the deterioration of the judicial process. (*People v. Steele* (1984), 124 Ill. App. 3d 761, 768-69.) While this court has previously declined to expressly hold the plain error rule applicable in cases where the defendant fails to raise an issue in a motion to withdraw a guilty plea (see *Bosworth*, 160 Ill. App. 3d at 717), we believe that the use of a defendant's own statements as aggravation in a sentencing hearing affects such substantial rights that, if error, would require reversal. In reviewing the merits of defendant's contention on this basis, we conclude that the trial court's action was not error.

◼ In support of his position that use of the TASC report as evidence in aggravation at his sentencing hearing was error, defendant relies heavily on *Estelle v. Smith* (1981), 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866, and *People v. Nicklaus* (1986), 147 Ill. App. 3d 632. In *Estelle*, the trial court, *sua sponte*, ordered the defendant to undergo a psychiatric examination to determine his fitness to stand trial. (*Estelle*, 451 U.S. at 456-57 & n.1, 68 L. Ed. 2d at 365 & n.1, 101 S. Ct. at 1870 & n.1.) Defendant was found fit and was convicted of murder. (451 U.S. at 457, 68 L. Ed. 2d at 365, 101 S. Ct. at 1870.) The State subsequently conducted a death-penalty hearing at which time Dr. Grigson, the psychiatrist who conducted the fitness examination, testified that the defendant's sociopathic behavior would only get worse and that he would be a continuing threat to society. (451 U.S. at 459-60, 68 L. Ed. 2d at 367, 101 S. Ct. at 1871.) Grigson's testimony was based solely on the defendant's statements and Grigson's own observations at the competency examination. (451 U.S. at 460, 68 L. Ed. 2d at 367, 101 S. Ct. at 1871.) The Court found that the use of Grigson's testimony in this manner violated the defendant's fifth amendment right against self-incrimination. (451 U.S. at 468-69, 68 L. Ed. 2d at 370, 101 S. Ct. at 1875-76.) The Court noted that the trial court had ordered the examination for the neutral, limited purpose of determining the defendant's competency to stand trial, "but the results of that inquiry were used by the State for a much broader objective that was plainly adverse to respondent." (451 U.S. at 465, 68 L. Ed. 2d at 370, 101 S. Ct. at 1874.) The Court further noted that if

Grigson's findings had been restricted to the original purpose, no fifth amendment issue would have arisen. 451 U.S. at 465, 68 L. Ed. 2d at 370, 101 S. Ct. at 1874.

This court was presented with a similar issue in *People v. Nick-laus* (1986), 147 Ill. App. 3d 632. In *Nicklaus*, the court ruled that it was error to permit the State to use the defendant's statements from a voluntary fitness examination as evidence at defendant's sentencing hearing where defendant's sanity was not in issue. (*Nicklaus*, 147 Ill. App. 3d at 637.) In so ruling, the *Nicklaus* court relied on *Estelle* and section 104—14(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 104—14(a)). (*Nicklaus*, 147 Ill. App. 3d at 637.) Section 104—14(a) provided then, as it does now, that statements made by the defendant and information gathered in the course of a fitness examination "shall not be admissible against the defendant unless he raises the defense of insanity or the defense of drugged or intoxicated condition, in which case they shall be admissible *only on the issue of whether he was insane, drugged, or intoxicated.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 104—14(a); see also *Nicklaus*, 147 Ill. App. 3d at 636.) Thus, the *Nicklaus* court noted that the use of information derived from such an examination at the sentencing phase would remove the very assurances the statute purports to grant. *Nicklaus*, 147 Ill. App. 3d at 637.

A cursory reading of *Estelle* and *Nicklaus* would appear to support defendant's contention in the instant action that use of the TASC report as evidence in aggravation at the sentencing hearing was improper. However, several material differences are present between the facts of those cases and the facts of the instant action. First, the psychiatric examination to determine the defendant's competence to stand trial in *Estelle* was *court ordered* and was not requested by defense counsel. (*Estelle*, 451 U.S. at 456-57 & n.1, 68 L. Ed. 2d at 365 & n.1, 101 S. Ct. at 1870 & n.1.) In the instant action, defendant *requested treatment as a drug addict,* and the court accommodated that request by ordering a TASC evaluation. While the *Nicklaus* court held that use of statements made in a fitness examination *requested by the defendant* would be improper as well, we note that the statute in that case expressly prohibits use of those statements for any purpose other than determining whether defendant was insane, drugged, or intoxicated. (*Nicklaus*, 147 Ill. App. 3d at 637.) Unlike the statute in *Nicklaus*, the statute governing election to be treated as a substance abuser contains no similar limitation on the use of statements made during an evaluation. (See Ill. Rev. Stat. 1987, ch. 111½, par. 6323.) Second, in *Estelle*, although holding that the use of statements made

in an evaluation for fitness to stand trial was improper at the sentencing stage absent a prior warning to the defendant, the Court nonetheless stated that it was "not hold[ing] that the same Fifth Amendment concerns are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination." (*Estelle*, 441 U.S. at 469 n.13, 68 L. Ed. 2d at 373 n.13, 101 S. Ct. at 1876 n.13.) Indeed, the nature of the evaluations in *Estelle* and *Nicklaus* are substantially different from the nature of the evaluation in the instant action. Unlike *Estelle* and *Nicklaus*, the evaluation in the instant action was not to determine defendant's fitness to stand trial, but rather to determine defendant's disposition following conviction. Thus, the evaluation is more akin to a presentence report.

In *People v. Bachman* (1984), 127 Ill. App. 3d 179, 184-85, this court considered the defendant's contention that his privilege against self-incrimination was violated at the sentencing hearing by statements he made during a presentence interview. We held that *Miranda* warnings were not required in connection with the submission by a defendant to a routine presentence interview. (127 Ill. App. 3d at 185; see also *People v. Corrigan* (1985), 129 Ill. App. 3d 787, 795.) In so ruling, we declined to apply the holding in *Estelle* to the facts of *Bachman*, noting that Court's express statement that the same fifth amendment concerns were not presented in all types of interviews and examinations that might be ordered or relied upon at a sentencing determination. (*Bachman*, 127 Ill. App. 3d at 185.) In our opinion, undergoing an evaluation for treatment as a substance abuser is similar to being interviewed for a presentence report in that both are intended to determine the disposition of the defendant after conviction. Just as a defendant would reasonably expect that statements made in a presentence interview might be used in aggravation or mitigation of sentence, a defendant should reasonably expect that statements made in an interview to determine his acceptability for a substance abuse treatment program might be used in aggravation or mitigation of sentence. Indeed, section 23 of the Act provides:

> "If the court, *acting on the report and other information coming to its attention*, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment or that his addiction and the crime committed are not significantly related or that his imprisonment or periodic imprisonment is necessary for the protection of the public, the court shall proceed to pronounce sentence as in other cases." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111½, par. 6323.)

Because we construe the statements made in the evaluation to determine whether defendant qualifies for treatment as a substance abuser to be similar to statements made in a presentence report, we find no error in the trial court's use of those statements as aggravating or mitigating factors in a sentencing determination.

Accordingly, the judgment of the circuit court of Lake County denying defendant's motion to withdraw his guilty plea is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.