THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD JOCELYN, Defendant-Appellant.

Fourth District   No. 4—88—0638

Opinion filed April 20, 1989.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On July 11, 1988, following a bench trial in the circuit court of Champaign County, defendant Ronald E. Jocelyn was convicted of the offense of escape in violation of section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—4). He was subsequently sentenced to a term of two years' imprisonment, with the sentence to be served consecutive to the sentence he was then serving.

On appeal, defendant maintains (1) his waiver of jury trial was not knowingly and intelligently made; (2) he is entitled to a new sentencing hearing; and (3) the double jeopardy clause requires the two-year sentence of imprisonment be vacated and the conviction reversed without remand. We affirm.

Prior to accepting defendant's waiver of a jury trial, the court advised defendant of the nature of the charge against him, the possible sentences he could receive, and his right to a jury trial. In admonishing defendant of the possible sentences he could receive, the court stated (1) the offense of escape was a Class 3 felony; (2) he could receive a sentence of not less than two years and not more than five years and would be required to serve a period of mandatory supervised release; and (3) any sentence imposed would be consecutive to the remainder of the sentence he was serving at the time the escape offense occurred. The court then asked if probation or conditional discharge were available. Defense counsel indicated probation was a possible sentence, and the court admonished defendant of the details of a

probation or conditional discharge sentence.

Following these admonishments, defendant said he was prepared to enter into a written stipulation as to what the State's evidence would be if witnesses were called to testify. The written stipulation indicated in part that defendant was a person committed to the Illinois Department of Corrections, was involved in a work release program, and, on April 3, 1988, did not return to the correctional center after leaving work until several hours after he should have returned.

At the sentencing hearing, Max Pridemore, a correctional officer, testified that he had seen defendant on August 22, 1988, at the Champaign County Correctional Center when defendant said he was going to "kick Mr. Wennmaker's ass when [he got] out of [there]." Wennmaker was employed at the work release center. The State then requested the maximum term of imprisonment. Defense counsel pointed out that defendant did return to the center of his own accord, albeit six to seven hours late, and then requested that defendant be placed on probation for a period of 30 months.

At sentencing, in discussing the availability of probation, the court cited section 5—8—4(g) of the Unified Code of Corrections (Code), which provides:

> "A sentence under Section 3—6—4 for escape or attempted escape shall be served consecutive to the terms under which the offender is held by the Department of Corrections." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g).)

The court further found that the Code does not allow the court to impose consecutive sentences of probation. Section 5—6—2 of the Code provides:

> "Multiple terms of probation imposed at the same time shall run concurrently." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(b).)

The court then indicated "the logic underlying that provision would certainly seem to apply here." The court thus apparently concluded, based on these two sections, that since any sentence imposed for escape *must* be consecutive to the original term of imprisonment, and since terms of probation could *not* run consecutively, a sentence of probation was not available for a conviction of escape.

Defendant first argues his waiver of a jury trial was not voluntarily or intelligently made, since, at the time he waived his right to a jury trial the court informed him he was eligible for probation, but at sentencing, the court indicated a belief that defendant was not eligible. Defendant maintains, therefore, that he should receive a new trial.

Defendant cites no case where a jury waiver was held invalid because of improper admonitions regarding the availability of probation as a sentencing option. However, we need not determine whether such improper admonitions would vitiate the admonitions, because the court was correct in its initial determination that probation was available.

We note the legislature has not expressly provided for this particular situation. However, section 5—5—3(b) of the Code enumerates the available options for sentencing, including a period of probation, a term of periodic imprisonment, a term of conditional discharge, and a term of imprisonment, "alone or in combination" for felonies such as those here. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(b).) Section 5—6—3(e) also provides the court with the option of combining a sentence of periodic imprisonment with a sentence of probation or conditional discharge. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3(e).

We also note that the fifth district has interpreted section 5—8—4 of the Code and has concluded that it applies only to multiple terms of probation imposed at the same time. (*People v. Gischer* (1977), 51 Ill. App. 3d 847, 366 N.E.2d 521.) However, that court determined that terms of probation "not imposed at the same time and not for the same offense may run consecutively." *Gischer*, 51 Ill. App. 3d at 855, 366 N.E.2d at 527.

█▌ █ Thus, we conclude that section 5—5—3(b) of the Code, together with sections 5—8—4(g) and 5—6—2(b), allow a sentence of probation as an available option following a conviction of escape and that the sentence of probation *must* run consecutive to the underlying term of imprisonment a defendant is currently serving. Since the legislature has specifically provided for an increased penalty following a conviction for escape, this determination does not depart from the conclusion of the second district that, absent express legislative authorization, a sentence of probation to be served consecutive to a sentence of imprisonment for a separate offense was not a sentence authorized under the Code, because it improperly enhanced the penalties. (*People v. Mack* (1985), 133 Ill. App. 3d 788, 794, 479 N.E.2d 445, 449.) The period of probation would commence when the period of mandatory supervised release was complete. Defendant was correctly informed, at the time he waived his right to a jury trial, that probation was among the sentences available to him.

█▌ Moreover, defendant is not, as he next argues, entitled to a new sentencing hearing. Although the court expressed the mistaken belief that probation was not a sentencing option available under the Code, the court also noted at the sentencing hearing that even if pro-

bation were an available option, the court would not give it. The court determined defendant's conduct, in threatening Wennmaker, was "too blatant *** too outrageous and too intolerable" and showed defendant did not seriously regard the rules governing his incarceration and did not respect the officers supervising his incarceration. The court then gave the minimum sentence of imprisonment. Any error in the court's determination that probation was not an option available to him was clearly harmless.

█ Finally, the defendant argues the double jeopardy clause of the United States Constitution prohibited a criminal conviction for escape after defendant was subjected to internal prison disciplinary proceedings in which his 360 days of accumulated good time were revoked.

This issue was raised and rejected by the third district in *People v. Lewis* (1979), 73 Ill. App. 3d 361, 386 N.E.2d 910. That court relied on a number of Federal cases which held that administrative discipline of a prisoner does not prohibit criminal prosecution for the same event.

Defendant urges this court to reject *Lewis*. We decline the invitation to do so.

Accordingly, for the reasons stated, we affirm.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.