218

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD SWEENEY, Defendant-Appellant.

Fourth District   No. 4—89—0876

Opinion filed July 26, 1990.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's
Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R.
Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attor-
neys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
On July 6, 1989, prior to his sentencing hearing in McLean
County case No. 88—CF—261 (aggravated battery), defendant pleaded
guilty to the offense of criminal damage to property (Ill. Rev. Stat.
1987, ch. 38, par. 21—1). Defendant adopted a presentence investiga-

tion report (PSI) filed on April 19, 1989, and waived his right to review the report. He requested a joint sentencing hearing for the criminal damage to property conviction and the aggravated battery conviction (Ill. Rev. Stat. 1987, ch. 38, par. 12—4).

After admonishing defendant and reviewing the factual basis for the plea to criminal damage to property, the court accepted defendant's plea. The court subsequently sentenced defendant to four years' imprisonment for the aggravated battery conviction and a consecutive two-year term of imprisonment for the criminal damage to property conviction. The court also assessed a $100 fine. Only the criminal damage to property conviction and sentence are before this court.

Defendant appeals, arguing the trial court erred in finding criminal damage to property was a nonprobationable offense, in relying on the April 19, 1989, PSI, and that defendant is entitled to a credit against his fine.

We affirm defendant's conviction and sentence as modified to reflect a credit toward his fine.

The facts salient to the instant cause will be briefly summarized. On March 16, 1989, defendant was convicted of committing aggravated battery of a police officer on May 17, 1988 (Ill. Rev. Stat. 1987, ch. 38, par. 12—4), in McLean County case No. 88—CF—261. Two days after defendant posted bond for the aggravated battery charge, he was arrested for the instant offense. The criminal damage to property offense occurred when defendant broke windows out of the victim's mobile home and slit the tires on her automobile. Prior to accepting defendant's guilty plea, the court advised defendant of the possible penalties for the criminal damage to property offense. Subsequently, the court learned defendant was on bond at the time he committed the offense. The court then advised defendant that his sentence would be consecutive to that imposed for the aggravated battery. Defendant persisted in his plea.

At the joint sentencing hearing, the sentencing judge noted that defendant's remorse seemed genuine, he supported his children, and was employed. The judge stated these factors militated in favor of probation. The judge commented that this was a difficult case. However, the sentencing judge also commented that defendant had four prior felony convictions, had been placed on supervision and probation on prior occasions, and had committed the criminal damage to property offense two days after being released on bond for the aggravated battery of a police officer. The judge stated consecutive sentences were mandatory under such circumstances and consecutive probationary sentences were not permissible. The judge then sentenced defend-

ant to a consecutive two-year term of imprisonment for the instant offense.

In his motion to withdraw his guilty plea, defendant asserted the plea was not voluntary, he was improperly admonished, and his sentence was unduly harsh.

■ Defendant initially argues the sentencing judge erred in interpreting sections 5—8—4(h) and 5—6—2(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—4(h), 1005—6—2(b)). Defendant also argues he should have been sentenced to a term of probation consecutive to a term of imprisonment. Defendant did not raise this issue in his motion to withdraw his guilty plea. Generally, a defendant's failure to include an issue in his motion to withdraw a guilty plea constitutes a waiver of the issue on appeal. (*People v. Davis* (1988), 175 Ill. App. 3d 1006, 530 N.E.2d 601; *People v. Jenkins* (1986), 141 Ill. App. 3d 602, 490 N.E.2d 953.) This rule applies even when the issue to be reviewed concerns only a sentencing error. (*Davis*, 175 Ill. App. 3d 1006, 530 N.E.2d 601.) Defendant did not raise this issue in his motion to withdraw his guilty plea. Therefore, he has waived review of the merits of this contention.

Section 5—8—4(h) of the Code states:

"If a person charged with a felony commits a separate felony while on pre-trial release, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h).)

Section 5—6—2(b) of the Code states:

"Multiple terms of probation imposed at the same time shall run concurrently." Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(b).

Defendant committed the instant offense while he was on pretrial release in McLean County case No. 88—CF—261. Thus, the sentencing judge correctly noted the legislature had made a consecutive sentence mandatory. The sentencing court then noted consecutive terms of probation imposed at the same time are not permissible. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(b); *People v. Tedford* (1983), 112 Ill. App. 3d 603, 445 N.E.2d 841.

Defendant argues that in effect the trial court found the criminal damage to property offense was nonprobationable. Defendant urges this court to interpret section 5—8—4(h) as controlling section 5—6—2(b) of the Code and find consecutive probationary sentences are permissible. He asserts the sentencing court erred in not ordering consecutive terms of probation. However, the propriety of the term of

imprisonment which defendant received for McLean County cause No. 88—CF—261 is not before this court. We will not engage in an academic discussion of the propriety of consecutive terms of probation under these circumstances.

■ The record is clear the defendant was properly admonished as to the possible penalties for the instant offense. On July 6, 1989, the court admonished the defendant, with respect to the criminal damage to property offense, that he could be sentenced to the Department of Corrections for a period of not less than one nor more than three years, required to serve a period of one year's supervision after release from the penitentiary, could be placed on probation for a period of 30 months, and could be fined a maximum of $10,000. After the court realized the defendant was on bond at the time of the criminal damage to property offense, he again admonished the defendant and indicated to the defendant the possible penalties for aggravated battery (case No. 88—CF—261). With respect to the instant offense (criminal damage to property), he stated:

"If I find and sentence you on criminal damage to property over $300, it has to be a consecutive sentence, that is whatever sentence I impose on the aggravated battery sentence, then on the criminal damage to property sentence you add this on to it. It isn't going to be at the same time. Do you understand what I am saying? You are not serving the jail time at the same time on both of these cases. Do you understand that?"

At the court's suggestion, a recess was taken to allow defendant to talk to his attorney. After the recess, defendant persisted in his plea of guilty to criminal damage to property. Contrary to defendant's argument, the record shows he was properly admonished as to the maximum and mimimum sentences that could be imposed with respect to the instant offense. As stated in *People v. Eddington* (1979), 77 Ill. 2d 41, 48, 394 N.E.2d 1185, 1188:

"A misstatement of the understanding of the minimum sentence by the trial judge necessitates a new sentencing hearing only when it appears that the mistaken belief of the judge arguably influenced the sentencing decision."

■ As an alternative argument, defendant urges this court to find the sentencing court erred in not imposing probation consecutive to imprisonment. Defendant maintains the sentencing court erred as a matter of law in believing it could not impose a sentence of probation. In *People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445, the court held that a sentence of probation to be served consecutive to a sentence of incarceration was not authorized by the Code. The sen-

tences in *Mack* were imposed at the same time for separate offenses. The *Mack* court reasoned such a sentence served to increase the penalty imposed upon the offender. The court noted such an enhancement should be expressly authorized by the legislature.

In *People v. Jocelyn* (1989), 181 Ill. App. 3d 774, 537 N.E.2d 1086, this court found a sentence of probation consecutive to a previously imposed sentence of imprisonment was an available option following a conviction for escape. The court noted section 5—5—3(b) of the Code enumerates available sentencing options, including probation, periodic imprisonment, conditional discharge, and imprisonment, "alone or in combination" for felonies such as those in the instant case. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(b).) The court further reasoned that though the sentence imposed for escape could be probation, the probation must be consecutive to the term of imprisonment the defendant was serving when he escaped. The *Jocelyn* court found its conclusion was consistent with the reasoning of *Mack*, since the legislature expressly indicated it wished to enhance the penalty for those who escape from custody.

The language of section 5—8—4(h) of the Code expressly provides for an enhanced penalty when a person on pretrial release commits a second felony. Therefore, under the reasoning of *Mack* and *Jocelyn*, a probationary sentence consecutive to incarceration could have been ordered by the sentencing court. However, a new sentencing hearing is not required in the instant case. The criminal damage to property offense was defendant's sixth felony conviction. The court noted that it was not certain why defendant had not been sentenced to imprisonment on prior occasions. Thus, although the court may have mistakenly believed probation was not an available option, its statements indicate that even were it an option, the court would not give it. Any error, thus, was harmless. (*Jocelyn*, 181 Ill. App. 3d 774, 537 N.E.2d 1086.) Defendant does not argue the sentencing court abused its discretion in determining the length of the sentence.

■ Defendant next argues his sentence must be vacated because the sentencing court failed to order a new PSI. Defendant did not raise this issue in his motion to withdraw his guilty plea. Therefore, defendant has waived review of this issue. (*Davis*, 175 Ill. App. 3d 1006, 530 N.E.2d 601; *Jenkins*, 141 Ill. App. 3d 602, 490 N.E.2d 953.) Section 5—3—1 of the Code states that a defendant shall not be sentenced for a felony before a written PSI is presented to and considered by the sentencing court. The only exception is where the parties agree to the imposition of a specific sentence. (*People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291; Ill. Rev. Stat. 1987, ch. 38,

par. 1005—3—1.) Here, defendant expressly adopted a presentence report filed four months earlier. This report was to be used on July 6, 1989, at defendant's sentencing hearing for McLean County case No. 88—CF—261. Thus, defendant's contention that no PSI was filed is erroneous. In *People v. Torres* (1986), 146 Ill. App. 3d 250, 496 N.E.2d 1060, the court in a similar circumstance stated the presentence report was sufficient. See also *People v. Moore* (1987), 159 Ill. App. 3d 1070, 513 N.E.2d 87.

Defendant is entitled to a full credit against his fine. The sentencing court imposed a $100 fine. Prior to trial, defendant had been incarcerated for 51 days. Therefore, pursuant to section 110—14 of the Code of Criminal Procedure of 1963, defendant is entitled to a full credit against his fine. Ill. Rev. Stat. 1987, ch. 38, par. 110—14.

For the above reasons, we modify defendant's sentence to reflect a full credit against his fine and affirm.

Affirmed as modified.

LUND and GREEN, JJ., concur.