THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN L. RUTLEDGE, Defendant-Appellant.

Third District   No. 3—89—0733

Opinion filed March 21, 1991.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

William Poncin, State's Attorney, of Macomb (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Steven L. Rutledge, was convicted of first degree murder and sentenced to a 70-year term of imprisonment. The defendant appeals his conviction. We affirm.

The defendant was charged with first degree murder and felony murder. The State alleged he intentionally strangled Margaret Ellis to

death without lawful justification while committing a robbery. It was believed the defendant could be eligible for the death penalty if convicted of felony murder.

The defendant entered a partially negotiated plea to first degree murder in exchange for the State's dismissal of the felony murder charge. This prevented the State from seeking the death penalty against the defendant. The plea remained open with respect to sentencing, but the State indicated it would seek a natural life term of imprisonment.

At the plea hearing, the trial judge advised the defendant of his rights, the nature of the charge, the sentencing range, and the terms of the plea agreement were stated in open court. The defendant acknowledged that he was not coerced into pleading guilty and understood the terms of the agreement as well as the possibilities with respect to sentencing. The factual basis was then presented by the State, and defendant's plea of guilty to first degree murder was accepted by the court. The conviction was then entered of record. Thereafter, the court sentenced the defendant to a 70-year term of imprisonment.

The defendant filed a timely motion to withdraw his plea of guilty. Defendant alleged his plea was involuntary because it was coerced by the threat of the imposition of the death sentence. Defendant claimed he was led by his attorney to believe that he was eligible for such a sentence. In other words, the guilty plea was premised upon a mistaken belief that defendant was death-penalty eligible. The trial court denied defendant's motion, and this appeal followed.

■ The defendant raises a single issue on appeal: was his guilty plea involuntary based upon ineffective assistance of counsel and the misapprehension of law and fact that he was eligible for the death penalty? We believe his plea was made voluntarily, intelligently, and knowingly. It was not based upon mistake of law or fact. The trial judge was correct in denying defendant's motion to withdraw his guilty plea.

■ A decision to permit withdrawal of a guilty plea rests within the sound discretion of the trial court. The defendant does not have an absolute right to withdraw a guilty plea. (*People v. Smithey* (1983), 120 Ill. App. 3d 26, 458 N.E.2d 87.) It should be granted to correct a manifest injustice or where substantial prejudice occurs. (*People v. Bachman* (1984), 127 Ill. App. 3d 179, 468 N.E.2d 817.) The defendant always bears the burden of proof in presenting such motion. (*People v. Nichols* (1981), 96 Ill. App. 3d 354, 420 N.E.2d 1166.) A withdrawal of a guilty plea should only be allowed in circumstances where

the plea resulted from a misapprehension of law or fact as a result of a misrepresentation of counsel, the prosecutor, or the court. (*People v. Kokoraleis* (1990), 193 Ill. App. 3d 684, 549 N.E.2d 1354.) The misapprehension of law or fact goes to the question of whether the plea was voluntarily and intelligently made. *People v. Kraus* (1984), 122 Ill. App. 3d 882, 461 N.E.2d 1036.

The facts of this case are undisputed. A review of the defendant's testimony during the hearing to withdraw his guilty plea indicates that he pled guilty based on the representation of his attorney that he could be sentenced to death on the felony murder charge. The defendant's plea was pursuant to an agreement with the prosecution that if he pled guilty to first degree murder, the State would voluntarily dismiss the felony murder charge and thereby not seek the death penalty. By dismissing the felony murder charge, the State was automatically dropping the potential death-penalty sentence. The issue of the defendant's death-penalty eligibility was never reached by the State or the trial court since the charge under which the death penalty could be sought was voluntarily dismissed prior to any consideration thereof.

The defendant acknowledged he was pleading guilty to first degree murder and was aware that in exchange thereto, the State would dismiss the felony murder charge. The parties were aware that under the applicable statute, the death penalty could not be sought for first degree murder, only felony murder. Moreover, the partial plea agreement remained open with respect to sentencing, and if the State could have sought the death penalty for first degree murder, it would likely have sought same.

The defendant contends that he was not guilty of felony murder and the State could not have proven him guilty of such beyond a reasonable doubt. Therefore, he would have been ineligible for the death penalty. This argument is irrelevant and without merit. Neither this court nor the trial court is, or was, in a position to assess the State's evidence on this issue and hypothetically decide the defendant's guilt to a charge that was dismissed. The trial court was only presented a factual basis for a plea of guilty to first degree murder. It would be speculation to guess or assume what evidence could or would have been presented to the court if the charge had been felony murder.

●■ ■ Finally, we affirm the trial court's finding that ineffective assistance of counsel did not occur. The record does not reflect any misapprehension of law or fact as to the defendant's death-penalty eligibility. Defendant's counsel provided competent and capable advice to the defendant. In order to prevail on an ineffective assistance of coun-

sel argument, a defendant must establish his trial counsel's advice was not competent as required of attorneys in criminal cases and that there is a reasonable probability that but for counsel's incompetence, the defendant would not have pled guilty. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

The record reflects that defendant told the trial judge he had a chance to thoroughly discuss his guilty plea with his attorneys. Defendant told the court he was satisfied with their advice and representation. Further, the record shows defendant tendered a lengthy written plea of guilty in open court. Defendant was represented by three attorneys who indicated to the trial judge they spent approximately 1,500 to 2,000 hours on the case doing analysis, research, and trial preparation before advising the defendant concerning his guilty plea. Clearly, there is nothing in the record to support the defendant's allegation regarding ineffective assistance of counsel.

For the reasons stated, the circuit court of McDonough County is affirmed.

Affirmed.

STOUDER, P.J., and GORMAN, J., concur.