NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (4th) 190712-U

NO. 4-19-0712

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| GREGORY JERMAINE CHESTER, | ) | No. 18CF1129 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding (1) the trial court did not abuse its discretion in sentencing defendant to 10 years' imprisonment, (2) defendant forfeited his argument the trial court improperly considered aggravating factors at sentencing, and (3) any error did not rise to the level of plain error.

¶ 2    In May 2019, defendant, Gregory Jermaine Chester, pleaded guilty to one count of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2018)). In August 2019, the trial court sentenced defendant to 10 years' imprisonment. Defendant later filed a motion to reconsider his sentence, which the court denied.

¶ 3    Defendant appeals, arguing the trial court erred by (1) imposing an excessive sentence of 10 years' imprisonment and (2) considering inappropriate sentencing factors in aggravation. We affirm.

¶ 4                          I. BACKGROUND

¶ 5         In November 2018, a grand jury indicted defendant with two counts of unlawful

delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2018)) (counts I and II) and

one count of unlawful possession of a controlled substance with intent to deliver (720 ILCS

570/401(c)(2) (West 2018)) (count III).

¶ 6         In May 2019, defendant entered an open plea to count III. In exchange for

defendant's guilty plea, the State agreed to dismiss the remaining felony counts pending against

defendant. The parties made no agreement as to sentence. Prior to accepting defendant's guilty

plea, the trial court admonished defendant pursuant to Illinois Supreme Court Rule 402(a) (eff.

July 1, 2012). Following the court's admonishments, the State presented its factual basis for

defendant's guilty plea:

> "The *** Bloomington Police Department Vice Unit was investigating
>
> into illegal drug activity involving this defendant. Two controlled buy
>
> transactions were conducted where the hand-to-hand delivery was done with the
>
> defendant and arrangements were made with the defendant. After the second
>
> controlled buy transaction, the defendant was arrested. At the time of the
>
> defendant's arrest, he was in possession of *** over three grams of cocaine that
>
> was verified by ISP lab.
>
> As far as intent to deliver, he had 15 to 16 hundred dollars cash on him
>
> that included the buy money from the second controlled buy transaction. He had
>
> the buy phone as well, and he also waived Miranda and admitted to selling
>
> cocaine because he needed the money."

¶ 7 In August 2019, the trial court held defendant's sentencing hearing. A presentence investigation report (PSI) indicated defendant was 42 years old, had no children, and maintained strong relationships with his mother and two siblings. Defendant did not possess a high school diploma or an equivalent. Although unemployed at the time of the offenses, defendant had been able to obtain employment in 2018 for approximately eight months. Defendant disclosed he began using cocaine at age 18 and reported using 1.5 grams daily.

¶ 8 The PSI indicated defendant had a lengthy criminal history dating back to 1995, which consisted of "ten (10) felony; two (2) misdemeanor; and twenty-seven (27) traffic offenses." Defendant's felony convictions included convictions for unlawful use of a weapon, unlawful use of a weapon by a felon, possession of a stolen vehicle, unlawful possession of a weapon by a felon, manufacture or delivery of a controlled substance, obstruction of justice, resisting or obstructing a peace officer, aggravated battery of a peace officer, and criminal damage to property. Defendant received sentences of probation, conditional discharge, and imprisonment. Defendant was still on mandatory supervised release (MSR) for several of these convictions when the instant offense was committed.

¶ 9 The State recommended defendant be sentenced to 14 years' imprisonment. In support of its recommendation, the State highlighted defendant's criminal history and argued "the unlawful *** possession with intent was of the most highly toxic controlled substances, and that is based on the fact that it is a Schedule 1 substance in this case." The State further noted "the 411 statutory considerations point out that the type of drug does need to be considered in terms of *** the threat that it has and the harm that it causes to our society."

¶ 10 Defense counsel recommended defendant be sentenced to six years' imprisonment and emphasized defendant's rehabilitative potential. In support of his

recommendation, counsel noted defendant "had some fairly long-term employment" and argued it "demonstrates that [defendant] can hold down a job once he completes the sentence in this case."

¶ 11        Following the parties' recommendations, defendant gave a brief statement in allocution apologizing for his conduct and requesting the trial court "do the right thing and show [him] mercy in [his] case."

¶ 12        In sentencing defendant, the trial court stated it considered (1) the factual basis; (2) the PSI; (3) defendant's history, character, and attitude; (4) "the evidence and arguments"; (5) defendant's statement in allocution; and (6) the statutory factors in aggravation and mitigation.

¶ 13        In mitigation, the trial court considered defendant's familial support and found defendant did not "contemplate that [his] conduct would threaten serious physical harm." The court also found "that it wasn't a violent offense that [defendant] intended to do somebody harm."

¶ 14        In aggravation, the trial court found a sentence was necessary to deter others from committing the same crime and noted defendant was "on MSR at the time of the offense on three other offenses here." The court also considered defendant's violent history, noting "that in your background there are a number of violent offenses." The court stated further:

> "While you didn't intend for your conduct to cause or threaten serious physical
> harm, frankly, when you are dealing with Schedule 1 substances it does. And ***
> that threatens harm to not only the individuals involved in that, but in the Court's
> view threatens harm to the community as well. So I'm considering that in

aggravation. I do also mind that there was compensation received for the offense that was committed."

¶ 15      The trial court ultimately sentenced defendant to 10 years' imprisonment and stated, "I don't think that you are entitled to the minimum here; there is too much here to say the minimum offense. But *** I do realize that substances are playing an effect here. And I don't necessarily think 14 years is necessary *** to address this."

¶ 16      In August 2019, defendant filed a motion to reconsider, arguing his 10-year sentence was excessive "considering all of the facts and circumstances." Following an October 2019 hearing, the trial court denied defendant's motion. In doing so, the court stated it "looked at the totality of the circumstances before issuing [the] sentence." The court then recalled its concerns regarding the "schedule one substance *** involved in this situation" and the threat of societal harm caused by its delivery, deterrence, the "violence in the background," as well as defendant's status "on MSR at the time of the alleged offense."

¶ 17      This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19      On appeal, defendant argues the trial court erred by (1) imposing an excessive sentence of 10 years' imprisonment and (2) considering inappropriate sentencing factors in aggravation.

¶ 20                            A. Excessive Sentence

¶ 21      "A trial court's determination regarding the length of a defendant's sentence will not be disturbed unless the trial court abused its discretion or relied on improper factors when imposing a sentence." *People v. Smith*, 318 Ill. App. 3d 64, 74, 740 N.E.2d 1210, 1218 (2000). "There is a strong presumption that the trial court based its sentencing determination on proper

legal reasoning, and the court is presumed to have considered any evidence in mitigation which is before it." *People v. Donath*, 357 Ill. App. 3d 57, 72, 827 N.E.2d 1001, 1014 (2005). "[A] sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000). "A reviewing court gives great deference to the trial court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 213, 940 N.E.2d 1062, 1066 (2010).

¶ 22        In this case, defendant pleaded guilty to unlawful possession of a controlled substance with intent to deliver, a Class 1 felony. Class 1 felony offenses carry a prison sentence between 4 and 15 years. 720 ILCS 570/401(c)(2) (West 2018); 730 ILCS 5/5-4.5-30(a) (West 2018). As a result of prior convictions, defendant was eligible for an extended sentence of up to 30 years' imprisonment. 730 ILCS 5/5-5-3.2(b)(1), 5-8-2(b) (West 2018). "A sentence within the statutory guidelines is presumed proper." *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 12, 65 N.E.3d 419. Defendant's sentence of 10 years' imprisonment fell well within the statutory range of sentences and nothing in the record defeats this presumption.

¶ 23        Although defendant presented some evidence of his potential for rehabilitation and history of drug addiction, we cannot say his 10-year sentence is at great variance with the spirit of the law or manifestly disproportionate to the nature of the offense. The trial court

considered (1) the factual basis; (2) the PSI; (3) defendant's history, character, and attitude; (4) "the evidence and arguments"; (5) defendant's statement in allocution; and (6) the statutory factors in aggravation and mitigation. The PSI revealed defendant had a lengthy criminal history consisting of "ten (10) felony; two (2) misdemeanor; and twenty-seven (27) traffic offenses." The court noted defendant was "on MSR at the time of the offense on three other offenses" and determined defendant was not "entitled to the minimum here." The court further believed deterrence to be a compelling factor in aggravation and found a sentence was necessary to deter others from committing the same crime. Given the present crime, defendant's violent background, and the need to deter others, we cannot say the court abused its discretion by sentencing defendant to 10 years' imprisonment in this case.

¶ 24                                B. Improper Aggravating Factors

¶ 25         Defendant further argues the trial court erred by considering factors inherent in the offense to which he pleaded guilty. Specifically, defendant asserts the court improperly considered in aggravation: (1) the toxicity of cocaine, (2) that his conduct threatened serious harm, and (3) that he received compensation for the unlawful possession of a controlled substance with intent to deliver.

¶ 26         Defendant concedes he failed to object at sentencing or raise this issue in his motion to reconsider the sentence. Thus, the issue is forfeited on appeal. See *People v. Hestand*, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005) (holding that a defendant must object at trial and raise the issue in his posttrial motion to preserve the issue for review). In his brief, however, defendant argues the issue should be addressed as a matter of second-prong plain error.

¶ 27         "[S]entencing errors raised for the first time on appeal are reviewable as plain error if (1) the evidence was closely balanced or (2) the error was sufficiently grave that it

deprived the defendant of a fair sentencing hearing." *People v. Ahlers*, 402 Ill. App. 3d 726, 734, 931 N.E.2d 1249, 1256 (2010). Under both prongs of the plain-error analysis, the burden of persuasion remains with the defendant. *People v. Wilmington*, 2013 IL 112938, ¶ 43, 983 N.E.2d 1015. As the first step in the analysis, we must determine "whether there was a clear or obvious error at trial." *People v. Sebby*, 2017 IL 119445, ¶ 49, 89 N.E.3d 675; see also *People v. Eppinger*, 2013 IL 114121, ¶ 19, 984 N.E.2d 475. "If error did occur, we then consider whether either prong of the plain-error doctrine has been satisfied." *People v. Sykes*, 2012 IL App (4th) 111110, ¶ 31, 972 N.E.2d 1272. "[T]he plain error rule is not a general savings clause for any alleged error, but instead is designed to address *serious injustices*." (Emphasis in original.) *People v. Williams*, 299 Ill. App. 3d 791, 796, 701 N.E.2d 1186, 1189 (1998).

¶ 28        The question of whether the trial court relied on improper factors in imposing defendant's sentence presents a question of law, which we review *de novo*. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, 973 N.E.2d 459. "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22, 979 N.E.2d 1014. "A court is not required to refrain from any mention of sentencing factors that constitute elements of the offense." *People v. Sherman*, 2020 IL App (1st) 172162, ¶ 52. The defendant has the burden "to affirmatively establish that the sentence was based on improper considerations." *People v. Dowding*, 388 Ill. App. 3d 936, 943, 904 N.E.2d 1022, 1028 (2009).

¶ 29        "[A] reviewing court will not vacate a sentence that was based upon an improper factor and remand for resentencing if the reviewing court can determine from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not

lead to a greater sentence." *People v. Grant*, 2019 IL App (3d) 170185, ¶ 28, 147 N.E.3d 141. When making this determination, courts have considered: "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor[ ] and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18.

¶ 30    Defendant takes issue with the following statement made by the trial court:

"While you didn't intend for your conduct to cause or threaten

serious physical harm, frankly, when you are dealing with

Schedule 1 substances it does. And *** that threatens harm to not

only the individuals involved in that, but in the Court's view

threatens harm to the community as well. So I'm considering that

in aggravation. I do also mind that there was compensation

received for the offense that was committed."

Defendant argues the trial court considered, as demonstrated by the above statement, "that the most aggravating factor was the Schedule 1 nature of the substance itself and the harm it caused to the individuals involved and the community as a whole."

¶ 31    Our supreme court has found "a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11, 809 N.E.2d 1214, 1220 (2004). "Stated differently, a single factor cannot be used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed." (Internal quotation marks omitted.) *Id.* at 11-12. This "double enhancement" is prohibited based upon the assumption that "in designating the appropriate range of punishment for a criminal offense, the legislature

- 9 -

necessarily considered the factors inherent in the offense." *Id.* at 12. However, the rule is not meant to be applied rigidly or to force the sentencing court to ignore factors relevant to the imposition of a sentence. *People v. Saldivar*, 113 Ill. 2d 256, 268, 497 N.E.2d 1138, 1142-43 (1986). While a court may not consider the "end result of the defendant's conduct" where the end result is implicit in the offense for which the defendant was convicted, the court may properly consider "the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant." *Id.* at 271-72. "The trial court's exercise of discretion when selecting an appropriate sentence within the statutory framework provided by the legislature is not a double enhancement." *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 37, 99 N.E.3d 571.

¶ 32    Section 411 of the Illinois Controlled Substances Act states, in relevant part:

"In determining the appropriate sentence for any conviction under

this Act, the sentencing court may consider the following as

indicative of the type of offenses which the legislature deems most

damaging to the peace and welfare of the citizens of Illinois and

which warrants the most severe penalties:

(1) the unlawful delivery of the most highly toxic

controlled substances, as reflected by their inclusion in Schedule I

or II of this Act;

* * *

Nothing in this section shall be construed as limiting *in any*

*way the discretion of the court to impose any sentence authorized*

*by this Act*." (Emphasis added.) 720 ILCS 570/411 (West 2018).

¶ 33    Here, the trial court did not improperly consider in aggravation the toxicity of cocaine. Despite defendant's assertion the court "improperly relied on *** the dealing of Schedule 1 cocaine," the legislature clearly intended the toxicity of the drugs possessed or sold by a defendant should be an aggravating factor. See *People v. Powell*, 2012 IL App (1st) 102363, ¶ 8, 970 N.E.2d 539. Further, this court has found "the Illinois Controlled Substances Act explicitly allows the trial court to consider *** the toxicity of a drug when sentencing a defendant." *Garcia*, 2018 IL App (4th) 170339, ¶ 41.

¶ 34    In reviewing the trial court's statements in their entirety, it is clear its comments regarding the threat of harm went to the nature and circumstances of the offense. As the case law shows, even though a factor might be inherent in the crime, "the degree to which it is present might differ from occurrence to occurrence." *People v. O'Toole*, 226 Ill. App. 3d 974, 992, 590 N.E.2d 950, 962 (1992). "While the classification of a crime determines the sentencing range, the severity of the sentence depends upon the *degree of harm* caused *** and as such may be considered as an aggravating factor in determining the exact length of a particular sentence ***." (Emphasis in original.) *Saldivar*, 113 Ill. 2d at 269. Even though the trial court discussed the societal harm caused by drug use and distribution, it did so within the context of evaluating the degree of threatened harm resulting from defendant's possession with intent to deliver a Schedule I substance, the need to protect the community, and the need to deter others from committing similar crimes. These were not inappropriate considerations by the court. See *People v. McGath*, 2017 IL App (4th) 150608, ¶ 63, 83 N.E.3d 671; 720 ILCS 570/411(1) (West 2018).

¶ 35    Likewise, defendant fails to show the trial court improperly considered the receipt of compensation at sentencing. Rather, the court's comments appear to be a reiteration of a statutory aggravating factor (see 730 ILCS 5/5-5-3.2(a)(2) (West 2018)). The court made no

emphatic comments in reciting its consideration of the receipt of compensation and, while the court was mindful "that there was compensation received for the offense that was committed," it did not expand or indicate a primary focus on this factor as the basis for the sentence imposed. See *O'Toole*, 226 Ill. App. 3d at 993.

¶ 36 Even assuming the trial court improperly considered factors inherent in the offense, we find remand is not required. Defendant was not deprived of a fair sentencing hearing where the court considered multiple factors in aggravation at sentencing—defendant's violent history, deterrence, and defendant's status "on MSR at the time of the alleged offense." See *People v. Scott*, 2015 IL App (4th) 130222, ¶ 55, 25 N.E.3d 1257 (finding the trial court's consideration of several aggravating factors supported the conclusion remand was unnecessary). Defendant argues the court's consideration "was far from insignificant" where defendant received a sentence just four years above the minimum authorized by statute. Defendant's sentence was also 20 years below the maximum available penalty. Considering the "number of violent offenses" in defendant's background, coupled with the fact defendant was "on MSR at the time of the offense on three other offenses," a low-range sentence hardly leads us to infer a reasonable probability exists defendant's sentence might have been less had the trial court refrained from mentioning the alleged improper factors.

¶ 37 Having found no error, let alone a clear and obvious one, our plain error analysis need go no further. See *People v. Hood*, 2016 IL 118581, ¶ 18, 67 N.E.3d 213 (stating without error there can be no plain error). Defendant argues in the alternative we should excuse his forfeiture by finding counsel's failure to properly preserve the issue for appellate review constitutes ineffective assistance. In the absence of any error, there is no need to address the oft-cited two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984), *i.e.*, (1) that

- 12 -

counsel's performance was deficient and (2) that the deficient performance prejudiced defendant. *Strickland*, 466 U.S. at 687. Failure to establish either prong precludes a finding of ineffective assistance of counsel. *People v. Henderson*, 2013 IL 114040, ¶ 11, 989 N.E.2d 192. Absent error, there is no deficiency.

¶ 38                                III. CONCLUSION

¶ 39           We affirm the trial court's judgment.

¶ 40           Affirmed.