**People of the State of Illinois, Plaintiff-Appellee, v. Alvin Moone, Defendant-Appellant.**

**Gen. No. 64–103.**

Fifth District.

April 19, 1965.

John E. Norton, of Belleville, Court appointed attorney, for appellant.

John Karns, Jr., State's Attorney, of Belleville, for appellee.

PER CURIAM.

In an indictment returned on June 14, 1963, in the Circuit Court of St. Clair County, the defendant, Alvin Moone, and two other persons were charged with the crime of burglary. On arraignment, defendant appeared with employed counsel and entered a plea of not guilty. Bail was fixed at $5,000, and upon furnishing bail in that amount, defendant was released.

The case was set for trial on July 21, 1963. Defendant did not appear, and was subsequently apprehended in Missouri and extradited. On November 13, 1963, the case was called for trial and continued because defendant's attorney was engaged in trial in the District Court of the United States in East St. Louis. At that time defendant was confined to the county jail. The Court fixed bail, but in an increased sum, and continued the case.

The case was again set for trial on January 6, 1964. The defendant appeared with his same employed counsel, who advised the Court that he had recommended to the defendant that he plead guilty, that he saw no purpose in a trial, and that the circumstances of the case were such as to make it impossible to offer a defense. He further advised the Court that the defendant desired to discharge him, seek other counsel, and request a continuance of the case. The State's Attorney announced ready for trial, opposed the continuance, and the case was assigned for trial. Upon appearance in the courtroom to which the case was assigned for trial, defendant's counsel advised the Court that the defendant desired to withdraw the plea of not guilty previously entered, enter a plea of guilty, and request probation. The Court thereupon advised defendant of his right to counsel, and asked him whether his attorney was of his own choosing. Defendant replied that his attorney "tried to get off the case. I will have to plead guilty." The Court replied

140

"We don't want you to do that," whereupon defendant stated that he had asked for a continuance in the other courtroom, and stated, "I will plead guilty."

The Court inquired whether defendant understood the consequence of his plea and stated that if probation was denied, it would be the duty of the Court to sentence defendant. At the request of the Court, the State's Attorney stated that the sentence could be not less than one nor more than any number of years. Thereupon, the following ensued:

"The Court: Not less than one nor more than any number of years. You are entitled to a trial, if you plead not guilty, and be faced by the witnesses who accuse you, and you want to persist in your plea of guilty?

"The Defendant: Plea of guilty.

"The Court: The Court will accept your plea and refer the matter to the probation officer for an investigation, and set it for a hearing."

The Court set the probation hearing for January 17, 1964.

On January 17, 1964, the defendant appeared in Court with a partner of his original attorney. At that time, he stated to the Court that he desired to withdraw his plea of guilty, stated that he was not represented by the attorney who appeared with him at that time, that he demanded a jury trial and was not represented by counsel. The Court thereupon denied his request for leave to withdraw his plea of guilty, denied the application for probation, and imposed sentence of not less than fifteen, nor more than twenty-five years in the penitentiary.

The defendant instituted this proceeding by the filing of a Petition for Leave to Appeal, and sought leave of this Court to proceed in forma pauperis. The Court allowed the motion to proceed in forma pauper-

is, allowed the Petition for Leave to Appeal, and appointed counsel. Upon filing the record in this Court, on motion of appointed counsel, he was relieved of proceeding further in the case.

The defendant pleaded guilty after due admonition by the trial court of the effect of the plea, and after being fully advised of the sentence which the trial court could impose. There is no representation to this Court that any promise of leniency or any other inducement had been used to persuade the defendant to plead guilty. The trial court was not unreasonable in insisting that the case be disposed of at the January setting. The indictment had been returned in June, the case had been twice previously set, and had been continued because of defendant's misconduct in the one instance, and in the other, at defendant's request. Even though defendant was unhappy with the advice given him by his counsel, the record demonstrates that he entered a plea of guilty while fully cognizant of its effect, and the sentence which could be imposed as the result of his act.

In People v. Grabowski, 12 Ill2d 462, at page 467, 147 NE2d 49, the Court said "Where an accused, with full understanding, pleads guilty to an indictment, it is discretionary with the court whether the plea will be permitted to be withdrawn and a plea of not guilty substituted therefor. The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed he would receive a shorter sentence or a milder punishment, or some other favor, by entering a plea of guilty, than that which might be his lot after trial and conviction by a jury, presents no grounds for the withdrawal of the plea of guilty. Upon the facts as presented here we cannot say that the court abused its discretion in refusing to permit the withdrawal of their pleas by these defendants."

142

 From our examination of the record in this case, we conclude that defendant's motion to withdraw his plea of guilty was addressed to the sound discretion of the Court, and the denial of said motion did not constitute an abuse of such discretion. Accordingly, the judgment is affirmed."

Judgment affirmed.