The People of the State of Illinois, Appellee, *vs.* Alvin W. Moone, Appellant.

*Opinion filed June 29, 1970.*

Edward F. Brennan, of East St. Louis, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Culbertson delivered the opinion of the court:

Upon motion of the People, the circuit court of St. Clair County dismissed a post-conviction petition filed by Alvin W. Moone, and he has appealed to this court.

Moone was sentenced to imprisonment in the penitentiary for not less than 15 nor more than 25 years upon his plea of guilty to a charge of burglary. His post-conviction petition raises questions going to the integrity of that plea. Substantially the same questions were raised upon appeal from the judgment of conviction to the Appellate Court for the Fifth District (58 Ill. App. 2d 139), but the defendant's

appointed attorney was permitted to withdraw after filing the record.

The problems in this case arise from the circumstances under which the defendant's plea of guilty was accepted. He had been indicted for burglary on June 14, 1963. He was admitted to bail, and did not appear when the case was called for trial on July 21, 1963. He was subsequently apprehended in Missouri and extradited. His case was again called for trial on November 13, 1963, but was continued to January 6, 1964, because the defendant's attorney was engaged in trial in another court.

When the case was called for trial on January 6, 1964, the defendant's attorney stated:

"Mr. RICE: Your Honor, this defendant is in jail. He has been in jail for several months. I have been his attorney up until this point. Mr. Moone wants a trial. I have counseled him and we have argued about this. I cannot see any purpose in a trial. This is a case where, in my opinion, the facts make it an impossibility to defend the case. I have advised him of that. He, at this time, advises me he wants to move the Court for a continuance and discharge me and seek other counsel. He would be the moving party on the continuance.

Mr. BANDY [Assistant State's Attorney]: Your Honor, this comes late. The People are ready.

The COURT: This comes too late. The State is prepared to try the case at this time. They have subpoenaed their witnesses.

Mr. KARNS [State's Attorney]: That's right, your Honor.

The COURT: Your motion for a continuance is denied.

Defendant ALVIN MOONE: Your Honor, I would like to know, since my lawyer isn't too much on my case, am I forced to go to court with this lawyer?

490

The COURT: At this stage you are. This case will be marked ready."

Thereafter, on the same day, the case was assigned to another judge. Before that judge, the following transpired:

"Mr. RICE: Your Honor, at this time the defendant would like to withdraw his plea previously entered of not guilty and enter a plea of guilty, and request probation.

The COURT: It is the duty of the Court to explain to you certain rights, your right to counsel, and I presume Mr. Rice is of your own choosing, he was appointed [*sic*] by you?

The DEFENDANT: He tried to get off the case. I will have to plead guilty.

The COURT: We don't want you to do that.

The DEFENDANT: I asked for a continuance in the other court. I will plead guilty.

The COURT: You have Mr. Rice for counsel and you plead guilty and you know what you are doing, you understand the consequence of your plea? It means you are on the mercy of the Court, and it will be the duty of the Court to sentence you, and you ask for probation, you are asking for probation. It will be referred to the probation officer for investigation, and it will be the duty of the court to either grant the probation or sentence you, and the sentence in this case is what?

Mr. KARNS: No less than one nor more than any number of years.

The COURT: Not less than one nor more than any number of years. You are entitled to a trial, if you plead not guilty, and [to] be faced by the witnesses who accuse you, and you want to persist in your plea of guilty?

The DEFENDANT: Plea of guilty.

The COURT: The Court will accept your plea and re-

fer the matter to the probation officer for an investigation, and set it for a hearing."

The matter was then set for hearing on January 17, 1964.

The problem in this case arises from the fact that the defendant's attorney did not want to try the case, whereas the defendant wanted a trial. On January 6 the defendant's attorney was not ready for trial and requested a continuance so that the defendant could seek other counsel. Only after this request was denied did the defendant enter a plea of guilty and he made it clear that he did so because he was without representation. In our opinion the defendant was without the effective assistance of counsel at the time he entered his plea of guilty, and his motion to withdraw that plea should have been allowed. A.B.A. Minimum Standards for Criminal Justice, 2.1.

The judgment of the circuit court of St. Clair County is reversed, and the cause is remanded to that court with directions to vacate the judgment of conviction and set aside the plea of guilty, and for further proceedings in accordance with law.

*Reversed and remanded, with directions.*