No. 4-97-0901

October 20, 1998

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from

Plaintiff-Appellee,          )   Circuit Court of

v.                           )   Champaign County

ROBERT WILLIAMS,                       )   No. 97CM493

Defendant-Appellant.         )   

                                       )   Honorable 

                                       )   Jeffrey B. Ford,

                                       )   Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1997, defendant, Robert Williams, pleaded guilty to public indecency (720 ILCS 5/11-9(a)(2) (West 1996)), pursuant to a plea agreement, and the trial court later sentenced him to 364 days in jail.  The court also directed defendant to pay for the services of his court-appointed counsel.  Defen­dant appeals, arguing that the trial court erred by (1) accepting his guilty plea without a showing of the factual basis therefor, except for defense counsel's stipulation; and (2) requir­ing defendant to pay for the services of his court-ap­point­ed counsel without first conduct­ing the statutorily required hear­ing.  We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND

The public inde­cency charge to which defendant pleaded guilty accused him of know­ingly exposing his sex organ in a lewd manner with the intent to arouse his sexual desires.  The charge further alleged that he did so in a public place, namely, the Urbana library.  As part of the plea agreement, a second count of public indecency was dismissed.  That count charged defendant with the same conduct in the same place, only five days earlier.  The parties also agreed that no petition to revoke probation would be filed in an unre­lated misdemeanor case.  

Before accepting defendant's guilty plea, the trial court appropriately admonished him pursuant to Supreme Court Rule 402 (Official Reports Advance Sheet No. 13 (June 18, 1997), R. 402, eff. July 1, 1997).  After doing so, the court turned to and asked:  "Is there a factual basis, Mr. [defense counsel]?"  Counsel responded, "Your Honor, I'd stipu­late there is a factual basis--(inaudible)."  No one stated anything further about a factual basis for the guilty plea.  

The trial court accepted defendant's guilty plea, direct­ed the court services department to conduct an investiga­

tion and make a report to the court, and set the matter for sentencing hearing the following month.  At the August 1997 sentencing hearing, defendant failed to appear.  The court conducted the hearing anyway, noted defendant's previous public indecency conviction, and sentenced him to 364 days in jail.

Approximately one hour after the sentencing hearing concluded, the defendant appeared in court, and the court in­

formed him that he had been sentenced to 364 days in jail.  The court appropriately advised him that he had the right to move to withdraw his guilty plea, in accordance with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)).  The court advised defen­dant that if he filed a motion to withdraw his guilty plea, "that motion has to be in writing and has to state all of the errors that occurred in the taking of your plea.  Any error left out of that motion, you give up forever and cannot rely on it later."  145 Ill. 2d R. 605(b)(6).  

The trial court also ordered defen­dant to pay $150 a month as a contribution toward the services of court-appointed counsel, reaffirming its temporary order to the same effect from May 1997, when counsel was first appoint­ed for defen­dant.  

Shortly thereafter, defendant filed a motion to with­

draw his guilty plea, in which he asserted that he did not fully compre­hend (1) the consequences of his plea, or (2) the court's guilty plea admoni­tions.  In September 1997, the trial court con­

ducted a hearing on that motion and denied it.  This appeal followed.

II. ANALYSIS

A. The Stipulated Factual Basis

Supreme Court Rule 402(c), entitled "Determining Factual Basis for Plea," states the following:  "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."  Offi­

cial Reports Advance Sheet No. 13 (June 18, 1997), R. 402, eff. July 1, 1997.  In 
People v. Barker
, 83 Ill. 2d 319, 327-28, 415 N.E.2d 404, 408 (1980), the supreme court addressed the require­

ment that a factual basis be shown when a defendant offers to plead guilty and wrote the following:  

"All that is required to appear on the record is a basis from which the judge could reason­

ably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty."  

The supreme court promulgated Rule 402 almost 30 years ago, and soon thereafter, the appellate court began ex­plain­ing how the requirement for showing a factual basis could be complied with.  In one such case, 
People v. Trinka
, 10 Ill. App. 3d 183, 186, 293 N.E.2d 179, 182 (1973), the court wrote that the neces­

sary "factual basis can be shown either by admis­sion of defendant or by a summary of evidence in presence of defendant showing that defen­dant committed the crime, or by having facts stated by witnesses, or by an exam­i­nation of a pre-sentence re­port by the court."  

Significantly missing--in our judgment--from Rule 402 case law providing how a factual basis may be shown is any statement suggesting that a stipulation between the attorneys may suffice.  To make explic­it what has been only implic­it until this point, we hold that a factual basis may not be based upon a stipula­tion between the attorneys.  Accord­ingly, the trial court in this case commit­ted error by accepting a stipula­tion as the only showing for the factual basis for defendant's guilty plea. 

Having so held, we reaffirm what this court stated in 
In re C.K.G.
, 292 Ill. App. 3d 370, 378, 685 N.E.2d 1032, 1037 (1997): all the trial court need do to comply with the factual basis requirement of Rule 402(c) is to ask the prosecutor to 
briefly
 describe the evidence the State would be prepared to present if the case went to trial.  After hearing that recita­

tion, the court should then turn to 
defense counsel
--not the defen­dant personally--and ask the following:  "Ms. Defense Coun­sel, do you agree that the prosecutor has witnesses who if called would testify substantial­ly as indicated?"  Assuming that defense counsel answers "yes," the court has fully complied with Rule 402(c).  

This suggested procedure should not prove burden­some.  In most cases, it would only require a few sec­onds--not even minutes--for the prosecutor to set forth the factual basis and for defense counsel to indicate her agreement.  For instance, in the case now before us, all the prosecutor needed to do was to state something along the following lines:  "On the date in question, a person at the Urbana Library saw the defen­dant in the bookstacks exposing himself."

B. Forfeiture under Rule 604(d)

Although we have concluded that the trial court erred by permitting a stipulation to serve as the factual basis for defendant's guilty plea, that does not end our inquiry.  The State claims that defendant forfeited this issue on appeal by failing to present it to the trial court, and we agree.  

The trial court informed defen­dant, in compli­ance with Rule 605(b)(6), that he could file a motion to with­draw his guilty plea and that any issue or claim of error not raised in that motion would be deemed waived.  Supreme Court Rule 604(d) states that no appeal may be taken from a judgment entered upon a plea of guilty unless the defendant has first filed a motion to withdraw his guilty plea.  145 Ill. 2d R. 604(d).  Rule 604(d) also requires that any such motion be in writing and state the grounds therefor, and it concludes as follows:  "Upon appeal any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived."  145 Ill. 2d R. 604(d).  

As previously noted, defendant's motion to with­draw his guilty plea contained no reference to the claim he now raises on appeal--namely, the trial court never properly estab­lished a factual basis for his guilty plea.  In accordance with Rule 604(d), we hold that as a result of defendant's failure to include this ground in his motion to vacate his guilty plea, defendant has forfeited this issue on appeal, and we decline to consider it.  

In so holding, we note that the supreme court added paragraph (d) to Rule 604 in 1975 precisely because of circum­

stances like those in the present case:  a defendant pleads guilty and then appeals on the ground that some deficiency oc­

curred in the guilty plea proceedings.  Rule 604(d) is the supreme court's direct response to the large number of appeals in the early 1970s that flooded the appellate court.  
People v. Evans
, 174 Ill. 2d 320, 329, 673 N.E.2d 244, 248 (1996).  By promul­gating this rule, the supreme court simply noti­fied defen­

dants that if they really claim to be aggrieved by some defi­

ciency in the trial court proceedings during which they pleaded guilty, then they must first call the alleged deficiency to the trial court's attention, where relief could be granted.  Other­

wise, permit­ting such defendants to appeal would result--as this case has--in an unjusti­fied waste of scarce judi­cial re­sourc­es.  

Alternatively, defendant claims that "the trial court's failure to establish a factual basis in the instant case impli­

cates substantial due process concerns which this court should consider as a matter of plain error under Illinois Supreme Court Rule 615(a)."  We disagree.  The plain error rule applies only where the evidence is closely balanced or the error is so funda­

mental and of such magnitude that defendant was deprived of a fair trial.  
People v. Herrett
, 137 Ill. 2d 195, 209-10, 561 N.E.2d 1, 7-8 (1990).  As this court wrote in 
People v. Helm
, 282 Ill. App. 3d 32, 34, 669 N.E.2d 111, 113 (1996), the plain error rule is not a general savings clause for any alleged error, but instead is designed to address 
serious injustices
.  Judged in accordance with this standard, the trial court's error in permit­ting a stipulation to serve as the factual basis for defendant's guilty plea falls far short of constituting plain error.  

C. The Defendant's Payment Order

Last, defendant argues that the trial court erred by order­ing him to pay for the services of his court-ap­point­ed counsel without first conducting the statutorily required hearing that must precede such an order.  725 ILCS 5/113-3.1(a) (West 1996).  The State concedes this point and the applicability of the case defendant relies upon, 
People v. Love
, 177 Ill. 2d 550, 687 N.E.2d 32 (1997).  We accept the State's concession and agree with defendant's argument.  Accord­ingly, we vacate the order for reimbursement of attorney fees and remand for a new hearing on that issue.  See 
People v. Johnson
, 297 Ill. App. 3d 163, 164-65, 696 N.E.2d 1269, 1270 (1998), for a further description of what the statutorily re­quired hearing under section 113-3.1(a) of the Code of Criminal Procedure of 1963 requires.

III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court in all respects, except that we vacate the order for payment for court-appointed counsel and remand with directions.

Affirmed in part, vacated in part, and remanded with directions.

COOK and GREEN, JJ., concur.