THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JO ANN ALLEN, Defendant-Appellant.

Fourth District    No. 4—00—0449

Argued April 25, 2001.—Opinion filed June 26, 2001.

Daniel D. Yuhas (argued) and Kara Craig, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Jo Ann Allen appeals the denial of her motion to withdraw guilty plea. Allen argues that she was coerced into pleading guilty when her attorney moved to withdraw from the case after she initially refused to accept a plea bargain. She also asserts that the trial court erred by accepting defense counsel's stipulation to the factual basis for her plea, rather than requiring the State to summarize the evidence that it would present to support the conviction if the case went to trial. We affirm.

On March 17, 1998, Jo Ann Allen appeared in court on charges of driving while under the influence (DUI), aggravated battery, and resisting a peace officer. 625 ILCS 5/11—501 (West 1996); 720 ILCS 5/12—4(b)(6), 31—1 (West 1996). Robert Waaler, her retained attorney, negotiated a plea bargain with the State's Attorney whereby she would plead guilty to resisting a peace officer and the other charges would be dismissed. At the hearing on March 17, the court read the charge of resisting a peace officer and asked Allen if she understood it. Allen replied, "I understand what you're saying," but she was shaking her head. When asked why she was shaking her head, Allen responded, "I did not push [the officer]. I was handcuffed." The following exchange then occurred:

"THE COURT: Well, sounds like we have a problem here, counsel. I can't take the plea under these circumstances.

MR. WAALER: And, at this point, your Honor, I would then—I would like to file a written motion to withdraw.

THE COURT: All right. What I'll do, Mr. Waaler, is continue this matter."

The matter was continued to the following day to hear Waaler's motion to withdraw. Allen was instructed to appear. Waaler and Allen had no further discussions regarding her case. On March 18, before the motion to withdraw was considered, Allen approached Waaler and indicated that she had reconsidered her decision and wanted to accept the plea bargain. The State's Attorney was reluctant to make the same offer rejected the day before but eventually agreed to do so. Allen then entered a negotiated guilty plea to the charge of resisting a peace officer. 720 ILCS 5/31—1 (West 1996).

The trial court, noting Allen's disagreement with the State's al-

legations on the previous day, reread the charge to her. Allen then indicated that she understood the charge and that her guilty plea was voluntary. Allen also indicated that her plea was not the result of promises, threats, or coercion. The court accepted Allen's plea and sentenced her to 12 months' conditional discharge.

On April 4, 1998, a different attorney filed an entry of appearance and a motion to withdraw Allen's guilty plea. The motion argued that Allen's plea was not knowing and voluntary and was entered pursuant to pressure from her counsel. The trial court conducted a hearing on the motion to withdraw. Allen and attorney Waaler testified at the hearing.

Allen testified that she had no interest in the plea bargain and was ready to go to court but felt that she was backed into a corner and had no other choice but to plead guilty because she had paid her attorney a substantial amount of money and he was "stepping down" on her by "not doing what she wanted." Allen stated that she was coerced because she had no job, no money, and felt like she had no other choice. Allen was then questioned why she told the court that she understood the rights she was giving up at that time. She stated that she had answered the questions the way she did because "[she] felt like [she] was coerced to go ahead and take the plea and then appeal it."

Attorney Waaler testified that he met with Allen on several occasions to discuss the potential disposition of the case. He indicated that she wavered at various times over whether to accept a plea bargain or go to trial. On March 17, when Allen refused to plead guilty to the resisting-a-peace-officer charge, Waaler indicated that he could no longer serve as her attorney because he felt the plea bargain was the best option due to the likelihood of a conviction on the more serious charges of DUI and aggravated battery if the case went to trial. Waaler stated that when he was walking into court on March 18 to present his motion to withdraw, Allen "called [him] over, voluntarily asked to speak with [him], and indicated at that point she thought it over and she wanted to plead guilty."

At the conclusion of the hearing, the court denied Allen's motion to withdraw, stating:

> "THE COURT: I have read the motion. I have read the testimony of Ms. Allen, the testimony of Mr. Waaler; and I have reviewed the transcript in this case. There seems to be a great deal of emphasis on the hearing that took place on the 17th of March in which we had gotten through the entire plea \*\*\*, but she indicated she wasn't guilty. She indicated that she would not take the plea. The plea was withdrawn, and this matter was set for trial.
>
> Mr. Waaler then indicated he wanted to file a motion to withdraw.

I set it for the next day for hearing on the motion to withdraw by Mr. Waaler and would have entertained any motions which Ms. Allen would have made for appointed counsel or to give her time to hire a new lawyer. We came in on the 18th, and instead of a motion withdraw, we had the guilty plea; and it went as Mr. Waaler indicated.

I informed the defendant of her rights. She answered all the court's questions appropriately. It was all still fresh in the court's mind. And I concur with Mr. Waaler's assessment. It went very smoothly, and there were obviously no problems. Again, I told Ms. Allen as part of the guilty plea that she still had *** an absolute right to continue to plead not guilty and demand a trial. Having been through it the day before and pulling the plug on a guilty plea, she had to know exactly what was going on. She answered all the questions appropriately.

I find that her plea was knowing. It was a voluntary plea. It was done without any coercion, and she understood all the consequences of the guilty plea. And, therefore, the motion to withdraw the guilty plea is denied."

●1 A defendant who pleads guilty waives several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Due process of law requires that this waiver be voluntary and knowing. If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and, therefore, is void. *People v. Williams*, 188 Ill. 2d 365, 370, 721 N.E.2d 539, 543 (1999).

●2 That said, a defendant does not have an absolute right to withdraw a guilty plea and bears the burden of demonstrating to the trial court the necessity of withdrawing his plea. *People v. Hirsch*, 312 Ill. App. 3d 174, 179, 726 N.E.2d 672, 676 (2000). Whether to permit a defendant to withdraw his guilty plea lies within the trial court's sound discretion, and a reviewing court will not disturb that decision absent an abuse of discretion. *People v. Wilson*, 295 Ill. App. 3d 228, 234, 692 N.E.2d 422, 426 (1998).

●3 Allen argues that Waaler's motion to withdraw after she refused to plead guilty coerced her into later accepting the plea bargain, making her plea involuntary. The Supreme Court of Illinois addressed the issue raised here in *People v. Moone*, 45 Ill. 2d 488, 259 N.E.2d 785 (1970). In *Moone*, the defendant moved for a continuance and for substitution of counsel based upon a disagreement as to whether the defendant should proceed with a trial rather than plead guilty. After the trial court denied the motions, forcing defendant to trial with unwilling counsel, the defendant pleaded guilty. Defendant complained to the court of "having to plead guilty" because of his attorney's

refusal to try the case. The Supreme Court of Illinois concluded that the defendant had been deprived of effective assistance of counsel and set aside the guilty plea. *Moone*, 45 Ill. 2d at 491, 259 N.E.2d at 786. Unlike *Moone*, the trial court here did not force Allen to go to trial with counsel reluctant to try the case. In fact, when ruling on Allen's motion to withdraw her guilty plea, the court specifically noted that it would have appointed new counsel or given her time to hire another lawyer. We find *Moone* inapplicable under those facts.

The parties have also directed us to cases from other state and federal courts addressing a counsel's threat to withdraw and the impact on the validity of a guilty plea. See *Downton v. Perini*, 511 F. Supp. 258 (N.D. Ohio 1981); *Commonwealth v. Velasquez*, 437 Pa. 262, 263 A.2d 351 (1970); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986). While these decisions may be persuasive authority, they are not binding upon us. *People v. Fields*, 135 Ill. 2d 18, 72, 552 N.E.2d 791, 815 (1990). We have reviewed each of the cases and find them distinguishable from the facts presented here.

The trial court conducted an extensive hearing on Allen's motion to withdraw her guilty plea. Before accepting Allen's plea the day after her attorney moved to withdraw, the trial court could have reiterated that Allen would be allowed to obtain substitute counsel or have counsel appointed to defend her if she proceeded to trial. However, failing to provide these supplemental admonishments does not require reversal. Having reviewed the record and the relevant transcripts, we find that the trial court's denial of Allen's motion was within its discretion. The facts presented lead us to conclude that this was not a case of coercion; rather, Allen simply changed her mind after entering a voluntary guilty plea.

●4 Allen also asserts that her guilty plea must be set aside because the trial court accepted defense counsel's stipulation to the factual basis for her plea. She argues that such stipulations are improper and the court should have required the State to summarize the evidence that it would present to support the conviction if the case went to trial. The discussion in the record regarding the factual basis for Allen's plea states:

> "THE COURT: Would you stipulate to a factual basis, Mr. Waaler?
>
> DEFENSE COUNSEL: Your Honor, based on the discovery furnished to me, I would—stipulate there is a factual basis.
>
> THE COURT: All right."

We have previously held that the factual basis requirement set forth in Supreme Court Rule 402(c) (177 Ill. 2d R. 402(c)) may not be based

upon a stipulation between attorneys. *People v. Williams*, 299 Ill. App. 3d 791, 794, 701 N.E.2d 1186, 1188 (1998). In *Williams*, we noted the error that had been committed but upheld the guilty plea because the defendant did not raise the issue in his motion to withdraw guilty plea. As in *Williams*, we find that Allen has forfeited this issue on appeal. *Williams*, 299 Ill. App. 3d at 795, 701 N.E.2d at 1189. Allen made no mention of the issue in her motion to withdraw guilty plea.

We also reject Allen's claim that we should consider this issue under the plain error rule. The plain error rule applies only where the evidence is so closely balanced or the error is so fundamental and of such magnitude that the defendant was deprived of a fair trial. The plain error rule is not a general savings clause for any alleged error, but instead is designed to address serious injustices. *Williams*, 299 Ill. App. 3d at 796, 701 N.E.2d at 1189. Judged in accordance with this standard, the trial court's error in permitting a stipulation to serve as a factual basis for Allen's guilty plea falls short of constituting plain error.

Moreover, the record contains a sufficient showing of the factual basis to support Allen's plea. In determining a factual basis, the court may look anywhere in the record and may consider police reports, confessions, statements of witnesses, or information contained in the presentence report. *People v. Banks*, 213 Ill. App. 3d 205, 211, 571 N.E.2d 935, 939 (1991). The discovery materials referred to by defense counsel when he stipulated to the factual basis consist of reports from four police officers who witnessed Allen's conduct. The reports indicate that Allen had been stopped for erratic driving, she was placed under arrest for DUI after failing sobriety tests, and she struggled with officers while being arrested. The reports also indicate that she threatened the officers, attempted to escape or pull away from them, and kicked one of the officers in the groin. These reports provide a sufficient factual basis to establish the offense of resisting a peace officer.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.