NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250536-U

NO. 4-25-0536

IN THE APPELLATE COURT

FILED
March 24, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| RICKEY BRITTON, | ) | No. 22CF316 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Sean W. Donahue and |
| | ) | Suzanne L. Patton, |
| | ) | Judges Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Doherty and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court affirmed the trial court's denial of defendant's motion to withdraw his guilty plea or to reconsider his sentence where the court properly admonished him about the possibility he could receive an extended-term sentence at the time of his plea, defendant could not show he was prejudiced by his counsel's failure to challenge the lack of a factual basis to support his plea, and his attorneys' noncompliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) for failing to amend the motion to withdraw did not warrant remand where none of the arguments defendant sought to include in the motion had merit.

¶ 2     In December 2022, defendant, Rickey Britton, pleaded guilty to unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2022)). Pursuant to his plea agreement, defendant was admitted into the Peoria County drug court program. In 2024, defendant was unsuccessfully discharged from the drug court program and sentenced to six years in prison.

¶ 3     Defendant appeals, arguing (1) the trial court failed to properly admonish him that

he was eligible for an extended-term sentence at the time of his guilty plea, (2) the court improperly accepted his guilty plea based upon the parties' stipulated factual basis, and (3) his postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 4 We disagree and affirm.

¶ 5 I. BACKGROUND

¶ 6 A. The Charge and Guilty Plea

¶ 7 In May 2022, the State charged defendant with unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2022)), alleging that on April 14, 2022, defendant knowingly possessed cocaine.

¶ 8 In December 2022, defendant informed the trial court, the Honorable Sean W. Donahue presiding, he intended to plead guilty to the charged offense pursuant to a fully negotiated plea agreement. Per the agreement, in exchange for pleading guilty to unlawful possession of a controlled substance, defendant would be admitted to the drug court program, and his case would be dismissed if he successfully completed that program. The State also agreed to dismiss Peoria County case No. 22-MT-610, which was also pending against defendant.

¶ 9 Before the trial court accepted defendant's guilty plea, defendant acknowledged that he had discussed the plea agreement with his counsel and was satisfied with counsel's services. The court informed defendant that if he were sentenced to the Illinois Department of Corrections, "that sentence could be one to three years, one to six years of [*sic*] extended term eligible." When the court asked if defendant understood the minimum and maximum penalties, defendant responded, "Yeah, one to three." The court reiterated, "One to six if you're extended term eligible." Defendant commented, "Yeah, if I'm extended, though." After the court repeated, "So one to three if you're not extended term eligible, one to six if you're extended term eligible," the court asked

if defendant understood "the possible effects and consequences of your plea[ ] of guilty, including the possible maximum sentence[ ]." Defendant answered, "Yes."

¶ 10    Thereafter, defendant's plea counsel stipulated that a factual basis existed for defendant's plea. Accordingly, the trial court found a factual basis existed and confirmed with defendant that (1) he was pleading guilty of his own free will, (2) no one threatened him to procure his plea, and (3) no one promised him anything other than his plea agreement for pleading guilty. The court then accepted defendant's guilty plea and admitted him into the Peoria County drug court program.

¶ 11                    B. Defendant's Sentencing

¶ 12    In January 2024, the State filed a motion to sentence defendant, asserting that on several occasions in 2023, defendant tested positive for alcohol or cocaine and missed drug tests. The State also alleged defendant had been arrested for robbery in December 2023. In July 2024, the State filed an amended motion to sentence defendant after he was charged with domestic battery, and, in September 2024, it filed a second amended motion to sentence defendant after he was charged with violating an order of protection.

¶ 13    At the hearing on the State's motion to sentence defendant, the State presented evidence that defendant had tested positive for alcohol or cocaine on 21 occasions from April 2023 to December 2023. During that same period, defendant missed urinalysis tests on eight occasions. The trial court, the Honorable Suzanne L. Patton presiding, found defendant was not performing satisfactorily in the drug court program and terminated his participation. The court ordered a presentence investigation report (PSI) and scheduled a sentencing hearing.

¶ 14    In October 2024, the trial court conducted defendant's sentencing hearing, at which the PSI was admitted. The PSI reported that since 1991, defendant had been convicted of 14

misdemeanors and 6 felonies. Defendant's convictions included the Class 3 felonies of aggravated battery in 2018 and attempted robbery in 2013. The PSI also showed defendant had attended three years of high school in the special education curriculum, earning mostly "Ds" and "Fs." Defendant was diagnosed with schizophrenia in 1994 and bipolar disorder in 2019. Defendant reported regularly consuming alcohol beginning at age 14 and regularly using marijuana and cocaine at age 17.

¶ 15        The State recommended a prison sentence of five to six years due to defendant's substantial criminal history. In mitigation, defendant's sentencing counsel argued that defendant had been diagnosed with an intellectual disability and schizophrenia and had put forth a genuine effort in the drug court program. Counsel recommended that the trial court sentence defendant "on the lower-end of three years."

¶ 16        Ultimately, the trial court sentenced defendant to six years in prison.

¶ 17        C. Defendant's Motion To Withdraw His Guilty Plea or Reconsider His Sentence

¶ 18        In November 2024, defendant filed a motion to withdraw his guilty plea or, in the alternative, to reconsider his sentence. Defendant argued that his extended-term sentence of six years in prison was void because the charging instrument did not provide notice of the State's intent to seek an extended term sentence pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/111-3(c) (West 2024)). He further asserted that "the guilty plea did not include *** any notice that the State intended to seek an extended term sentence." With the motion, defendant's sentencing counsel filed a facially compliant Rule 604(d) certificate stating she consulted with defendant, examined the record, and made any amendments to the motion to withdraw defendant's plea or reconsider his sentence necessary for the adequate presentation of any errors. See Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 19        In April 2025, new counsel filed a second facially complaint Rule 604(d) certificate, which asserted she also consulted with defendant, examined the record, and made any necessary amendments. Defendant's postsentencing counsel did not file a new motion to withdraw defendant's guilty plea or reconsider his sentence.

¶ 20        The trial court conducted a hearing on defendant's motion in April 2025. At the hearing, postsentencing counsel informed the court she was proceeding only on the request to reconsider defendant's sentence. To that end, postsentencing counsel argued only that the sentence imposed was excessive because the court improperly weighed the factors in aggravation. The court denied defendant's motion.

¶ 21        This appeal followed.

¶ 22        <center>II. ANALYSIS</center>

¶ 23        Defendant appeals, arguing (1) the trial court erred by failing to properly admonish him of the maximum sentence he faced, (2) the court erred by accepting his plea based solely upon the parties' stipulated factual basis, and (3) his sentencing and postsentencing counsel failed to strictly comply with Rule 604(d).

¶ 24        We disagree and affirm.

¶ 25        A. Whether the Trial Court Properly Admonished Defendant About

<center>the Possibility of an Extended-Term Sentence</center>

¶ 26        Defendant first argues the trial court failed to properly admonish him of the minimum and maximum sentences he faced by pleading guilty. Specifically, he contends the court did not effectively inform him of the possibility he could receive an extended-term prison sentence because the court admonished him only that he faced a potential sentence of one to six years "if" he was extended-term eligible. He claims the court's use of the conditional term "if" rendered the

<center>- 5 -</center>

admonition too speculative and the court was required to inform him whether he was *in fact* extended-term eligible. We disagree.

¶ 27     1. *The Applicable Law and Standard of Review*

¶ 28     "In order to satisfy due process, a guilty plea must be affirmatively shown to have been made voluntarily and intelligently." *People v. Burt*, 168 Ill. 2d 49, 64 (1995). Illinois Supreme Court Rule 402 (eff. July 1, 2012) was adopted to ensure adherence with these due process requirements. *Burt*, 168 Ill. 2d at 64. Rule 402(a)(2) provides that before a court accepts a defendant's guilty plea, the court must inform the defendant of and determine that he or she understands "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012).

¶ 29     When a trial court fails to substantially comply with Rule 402(a)(2), a defendant's guilty plea is rendered involuntary. *People v. Wills*, 251 Ill. App. 3d 640, 643 (1993). Moreover, if the court's failure to properly admonish the defendant regarding the minimum and maximum sentence the defendant faces "results in the denial of 'real justice' or prejudice to the defendant, the reviewing court should vacate the defendant's guilty plea and allow the defendant to plead anew." *People v. Harris*, 359 Ill. App. 3d 931, 936 (2005) (quoting *People v. Blankley*, 319 Ill. App. 3d 996, 1007 (2001)).

¶ 30     Defendant concedes he failed to preserve this issue because (1) no objection was raised in the trial court contending he was not properly admonished of the minimum and maximum sentences he faced and (2) the issue was not included in his motion to withdraw his guilty plea or reconsider his sentence. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written

postsentencing motion raising the issue are required."); *People v. Ratliff*, 2024 IL 129356, ¶¶ 20, 28 (noting the defendant's omission of the issue raised on appeal in his postplea motion resulted in waiver of the issue).

¶ 31 To circumvent his waiver, defendant asserts his counsel provided ineffective assistance in relation to this issue. We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Jones*, 2023 IL 127810, ¶ 51. A defendant must establish both (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Generally, matters of trial strategy are immune from claims of ineffective assistance of counsel. *Id.* The failure to satisfy either prong of the *Strickland* test defeats the defendant's claim counsel was ineffective. *People v. Enis*, 194 Ill. 2d 361, 377 (2000).

¶ 32 2. *This Case*

¶ 33 On appeal, defendant argues his plea, sentencing, and postsentencing attorneys provided ineffective assistance by failing to preserve his claim the trial court failed to properly admonish him of the maximum sentence he faced by neglecting to inform him he was, in fact, extended-term eligible. Specifically, he contends (1) plea counsel was ineffective for failing to alert the court that defendant had a criminal history that made him eligible for an extended-term sentence, (2) sentencing counsel was ineffective because she did not raise plea counsel's ineffectiveness in defendant's motion to withdraw his plea, and (3) postsentencing counsel was ineffective for failing to amend defendant's motion to withdraw his plea to include a claim about plea counsel's ineffectiveness.

¶ 34 The State responds defendant's claim of ineffective assistance is waived and, in any

event, meritless.

¶ 35　　　　Section 5-5-3.2(b)(1) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-5-3.2(b)(1) (West 2024)) provides that a trial court may impose an extended term sentence upon a defendant convicted of a felony after having been convicted, within the previous 10 years, of a felony of the same or greater class. However, if the conviction was pursuant to the defendant's guilty plea, "it shall appear on the record that the plea was entered with the defendant's knowledge that [an extended-term sentence] was a possibility." *Id.* § 5-8-2(b).

¶ 36　　　　As an initial matter, we agree with the State that defendant waived his claim plea counsel provided ineffective assistance. Rule 604(d) provides, "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). This rule applies even when the issue a defendant seeks to raise is a sentencing error or a claim of ineffective assistance of counsel. See *People v. Davis*, 175 Ill. App. 3d 1006, 1008 (1988) (noting waiver due to failure to include an issue in a motion to withdraw a guilty plea "applies even where the issue sought to be raised concerns only a sentencing error"); *People v. Bien*, 277 Ill. App. 3d 744, 751 (1996) (concluding the claim of ineffective assistance of counsel not included in the defendant's motion to withdraw his guilty plea was waived).

¶ 37　　　　Here, defendant's motion to withdraw did not include a claim that his plea counsel provided ineffective assistance by failing to inform the trial court that defendant's criminal history made him eligible for an extended-term sentence. Accordingly, defendant waived that issue. *Bien*, 277 Ill. App. 3d at 751.

¶ 38　　　　Waiver aside, we conclude that defendant's claim that his attorneys' failure to preserve this issue amounted to ineffective assistance is meritless. As support for his argument that

his attorneys should have raised the claim that the trial court did not sufficiently inform him of the maximum sentence he faced, defendant relies on *People v. Taylor*, 368 Ill. App. 3d 703 (2006).

¶ 39　　　　In *Taylor*, the defendant pleaded guilty to aggravated battery and criminal trespass to a residence. *Id.* at 704. At the guilty plea hearing, the trial court informed the defendant that aggravated battery was " 'punishable by a term in prison of 2 to 5 years ***. If extended term applies, it's 2 to 10 years.' " *Id.* Similarly, as to criminal trespass to a residence, the court informed the defendant, " 'If extended term applies, the term is instead of 1 to 3 years in prison, it's 1 to 6 years in prison.' " *Id.* The court sentenced the defendant to probation, which was later revoked. *Id.* at 705. Following the revocation of probation, the court sentenced the defendant to concurrent, extended-term sentences of imprisonment. *Id.* at 706.

¶ 40　　　　On appeal, the defendant argued the trial court violated section 5-8-2(b) of the Corrections Code by imposing an extended-term sentence without first properly admonishing him that an extended-term sentence was possible before accepting his guilty plea. *Id.* at 706. The Second District Appellate Court agreed, reasoning the trial court informed the defendant only that he could receive sentences of 2 to 10 years and 1 to 6 years " '[i]f extended term applies.' " (Emphasis omitted.) *Id.* at 708. The court determined the use of the conditional term "if" "leaves a defendant to speculate whether an extended-term sentence is indeed possible in his case," such that section 5-8-2(b) was not satisfied. *Id.*

¶ 41　　　　The dissent in *Taylor* disagreed with the majority's conclusion, concluding that the trial court complied with section 5-8-2-(b). The dissent reasoned, "by using the term 'if,' the trial court specifically indicated that extended-term sentencing may or may not apply and, thus, suggested that it was a possibility for defendant." *Id.* at 711 (Kapala, J., dissenting in part).

¶ 42　　　　Defendant acknowledges this court has expressed agreement with the dissent in

*Taylor*. For example, in *People v. Taylor*, 2022 IL App (4th) 210614-U, ¶ 5, the trial court informed the defendant, who was charged with unlawful possession of a controlled substance containing morphine, he had been charged with a " 'Class 4 felony that carries possible penalties that include one to six years in the Illinois Department of Corrections.' " The defendant pleaded guilty to the offense and was sentenced to probation. *Id.* ¶ 7. The defendant's probation was later revoked, and he was sentenced to six years in prison. *Id.* ¶¶ 8-9.

¶ 43        On appeal, the defendant argued the trial court imposed an unauthorized extended-term sentence in violation of section 5-8-2 because the record did not show he knew he could be subject to an extended-term sentence. *Id.* ¶ 29. This court rejected that argument. We noted our agreement with the dissent in *Taylor* and explained section 5-8-2(b) "requires only that a defendant know an extended-term sentence is a possibility before pleading guilty; it does not require that the trial court use any specific language when admonishing a defendant." *Id.* ¶ 35. We thus concluded that because the court noted he faced a potential penalty of one to six years in prison, the court sufficiently "provided defendant with the knowledge that an extended-term sentence was a possibility." *Id.*

¶ 44        Similarly, in *People v. Barnes*, 2025 IL App (4th) 241516-U, ¶¶ 2, 5, the defendant pleaded guilty pursuant to a plea agreement to, among other things, possession of methamphetamine in two different cases and to possession of a stolen vehicle. In exchange, the defendant would be accepted into the Henry County drug court program. *Id.* ¶ 5. The trial court informed the defendant the potential penalty for possessing methamphetamine was imprisonment " 'for a period of two to five years, up to ten years if you're extended-term eligible.' " *Id.* The court also informed the defendant the potential sentence for possessing a stolen vehicle was imprisonment for " 'three to seven years, up to 14 years if you're extended-term eligible.' " *Id.*

The court accepted the defendant's plea and admitted him to the drug court program, but the defendant was later terminated from the program and sentenced to three concurrent eight-year prison terms. *Id.* ¶¶ 8, 17, 21.

¶ 45        On appeal, the defendant argued the trial court's use of the conditional language " 'if you're extended-term eligible' " when explaining the potential sentences he faced rendered the admonitions too speculative to comply with section 5-8-2(b). *Id.* ¶¶ 5, 29. This court, reiterating our agreement with the dissent in *Taylor*, rejected the defendant's argument and concluded the trial court sufficiently informed the defendant that an extended-term sentence was a possibility, despite the use of conditional language. *Id.* ¶ 34. We explained a "possibility" was "something that may or may not happen" and the court's use of the term "if" "did not remove the specter of the possibility that defendant was eligible for an extended-term sentence." *Id.* Instead, the term "was an indicative conditional statement about a possible set of future sentencing consequences," such that its use satisfied section 5-8-2(b). *Id.* ¶ 36.

¶ 46        Although defendant acknowledges we have agreed with the reasoning of the dissent in *Taylor*, he urges us to reassess that agreement and to "reconsider" our determination in *Barnes* that section 5-8-2(b) is satisfied even when admonishments regarding extended-term sentences use conditional language. He argues that when conditional language is used while admonishing defendants about extended-term sentences, defendants may not "fully comprehend" when such sentences "would apply to them." This argument is unconvincing.

¶ 47        Certainly, the best practice for trial courts and parties would be to make sentencing matters as clear as possible. Ideally, this would include the parties informing the court about whether the defendant is in fact eligible for an extended-term sentence, such that the court can provide explicit admonishments about the precise sentence the defendant faces. However, the

"primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature," and the best indicator of legislative intent is the "language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶¶ 18, 20.

¶ 48        As we stated in *Barnes*, the dissent in *Taylor* properly noted that "possibility," as used in section 5-8-2(b), refers to "something that may or may not happen." *Barnes*, 2025 IL App (4th) 241516-U, ¶ 34 (citing *Taylor*, 368 Ill. App. 3d at 711 (Kapala, J., dissenting in part)); see Black's Law Dictionary (12th ed. 2024) (defining "possibility" as "[t]he chance that something is or might be true, or that something might or will happen"); see also *People v. Hill*, 409 Ill. App. 3d 451, 454 (2011) ("The ordinary and popularly understood meaning of a word may be determined by utilizing the dictionary definition."). Accordingly, a trial court's use of the term "if" when admonishing a defendant about a possible extended-term sentence does not *negate* the possibility of that sentence but *affirms* it for purposes of section 5-8-2(b). See *Barnes*, 2025 IL App (4th) 241516-U, ¶ 36 ("[B]y the very nature of using 'if,' the court created a possibility."). Because defendant has provided no convincing reason for us to depart from *Barnes* and *Taylor*, we decline to do so.

¶ 49        In light of the foregoing, the record in this case establishes the trial court complied with section 5-8-2(b). The court informed defendant that by pleading guilty, he faced a sentence of imprisonment for "one to three [years] if you're not extended term eligible, one to six [years] if you're extended term eligible." Although the court used the conditional term "if," the mere use of such language does not negate the fact the court informed defendant of the possibility he was subject to an extended-term sentence or of the length of such a sentence. See *id.* ¶ 37 (noting that although it is best practice to make sentencing matters explicitly clear for defendants, a court's mere use of conditional language when informing a defendant about the possibility of an

extended-term sentence does not itself violate section 5-8-2(b)). Because the court informed defendant he faced the possibility of an extended-term sentence by pleading guilty, we conclude the court satisfied section 5-8-2(b).

¶ 50    As such, any objection to the trial court's admonishments about the possibility of an extended-term sentence would have been meritless. Accordingly, no prejudice could result from the purported failure of defendant's attorneys to preserve this issue, and defendant's claim of ineffective assistance fails. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 465 (2002) ("[I]f the underlying claim has no merit, no prejudice resulted, and petitioner's claims of ineffective assistance of counsel at trial and on direct appeal must fail."); *People v. Coleman*, 158 Ill. 2d 319, 349 (1994) (rejecting claim of ineffective assistance of counsel for failure to preserve an issue because "the issues defense counsel failed to preserve are, for the most part, without merit, and did not prejudice defendant").

¶ 51    B. Whether the Trial Court Properly Accepted Defendant's Guilty Plea Based
Upon the Parties' Stipulated Factual Basis

¶ 52    Next, defendant argues the trial court violated Illinois Supreme Court Rule 402(c) (eff. July 1, 2012) by accepting his guilty plea upon an insufficient factual basis when the State and his plea counsel merely stipulated to the existence of a factual basis. We disagree.

¶ 53    1. *The Applicable Law and Standard of Review*

¶ 54    Pursuant to Rule 402(c), the trial court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." *Id.* The quantum of proof necessary to show a factual basis for a guilty plea is less than that necessary to sustain a conviction pursuant to trial. *People v. Barker*, 83 Ill. 2d 319, 327 (1980). Accordingly, the State need not prove each element of the offense or include such proof in its factual basis. See *People v. Bassette*,

391 Ill. App. 3d 453, 457 (2009). "All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty." *Barker*, 83 Ill. 2d at 327-28. Accordingly, the factual basis can be established by the State's summary of the testimony and evidence that would have been presented at trial or through the defendant's admissions. *People v. Calva*, 256 Ill. App. 3d 865, 872 (1993).

¶ 55    Defendant acknowledges he also waived this issue because he did not raise it in the trial court. See *Hillier*, 237 Ill. 2d at 544. However, defendant asserts that his trial counsel's failure to preserve this issue constituted ineffective assistance of counsel.

¶ 56    As we previously explained, to succeed on a claim of ineffective assistance of counsel, a defendant must establish both (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Jones*, 2023 IL 127810, ¶ 51. Our review of whether a defendant was denied the effective assistance of counsel is *de novo*. *People v. Haynes*, 2024 IL 129795, ¶ 23.

¶ 57                                  2. *This Case*

¶ 58    Defendant argues that his plea, sentencing, and postsentencing attorneys provided ineffective assistance. Specifically, he claims (1) plea counsel improperly stipulated to a factual basis, (2) sentencing counsel failed to raise the absence of a factual basis in the motion to withdraw his guilty plea, and (3) postsentencing counsel failed to amend defendant's motion to withdraw his guilty plea to include this issue. The State responds defendant's claim is waived and meritless.

¶ 59    As support for his claim, defendant cites *People v. Williams*, 299 Ill. App. 3d 791, 792-93 (1998), in which the defendant pleaded guilty to public indecency pursuant to a plea

- 14 -

agreement. At the plea hearing, the trial court asked the defendant's counsel whether there was a factual basis, and counsel responded, " 'I'd stipulate there is a factual basis.' " *Id.* at 793. No additional remarks were made about a factual basis for the guilty plea, the court accepted the plea, and the defendant did not contest the sufficiency of the factual basis in his motion to withdraw his guilty plea. *Id.*

¶ 60 The defendant appealed, arguing, in part, the trial court erred by accepting his plea without a proper factual basis. *Id.* at 792. This court agreed that the trial court improperly accepted the defendant's guilty plea and held that a factual basis for a guilty plea based upon a mere stipulation between attorneys is erroneous. *Id.* at 794. In so concluding, we emphasized that courts have repeatedly held that a stipulation was not an acceptable basis to establish a factual basis for a guilty plea. *Id.* Instead, a factual basis could be shown " 'either by admission of defendant or by a summary of evidence in presence of defendant showing that defendant committed the crime, or by having facts stated by witness, or by an examination of a pre-sentence report by the court.' " *Id.* (quoting *People v. Trinka*, 10 Ill. App. 3d 183, 186 (1973)).

¶ 61 Although we concluded the trial court erred by accepting the defendant's guilty plea, we declined to grant the defendant relief because (1) he failed to preserve his claim by raising it in his motion to withdraw his guilty plea and (2) the court's error did not rise to the level of plain error. *Id.* at 795-96.

¶ 62 Since *Williams*, this court has repeatedly recognized a trial court errs by accepting a stipulation as the only showing for the factual basis for a defendant's guilty plea. See *People v. Shanks*, 2022 IL App (4th) 210656-U, ¶¶ 22-24; *People v. Allen*, 323 Ill. App. 3d 312, 316-17 (2001).

¶ 63 In light of the foregoing, we conclude that the trial court's acceptance of

defendant's guilty plea in this case upon the mere stipulation of the parties was error. Instead of requiring the State to recite a factual basis, the court merely asked the parties whether they "stipulate[d]" to one, and the prosecutor and defense counsel responded they did. As a result, the State provided no explanation at the plea hearing of the evidence that it would present at trial, and our review of the record reveals no police reports, statements, or other information the court could rely upon to find a factual basis. Defendant's plea counsel, in turn, took no action to compel the State to present a proper factual basis.

¶ 64    To put it bluntly, we are surprised that any trial court judge could believe the course of action taken here was permissible. For nearly three decades, this court has made it abundantly clear it is error for a trial court to accept a stipulation as the only showing for the factual basis for a defendant's guilty plea. *Williams*, 299 Ill. App. 3d at 794. We reiterate that principle yet again.

¶ 65    We recognize one of the reasons a trial court might erroneously believe it is acceptable to find a factual basis solely upon the parties' stipulation might be to promote efficiency, particularly when, as here, the court was effectively conducting guilty plea hearings for three different defendants simultaneously. However, accepting a stipulation to a factual basis is an improper solution to an avoidable problem.

¶ 66    As we explained in *Williams*, establishing a factual basis need not be a burdensome process:

> "[A]ll the trial court need do to comply with the factual basis requirement of Rule 402(c) is to ask the prosecutor to *briefly* describe the evidence the State would be prepared to present if the case went to trial. After hearing that recitation, the court should then turn to *defense counsel*—not the defendant personally—and ask the following: 'Ms. Defense Counsel, do you agree that the prosecutor has witnesses

who if called would testify substantially as indicated?' Assuming that defense counsel answers 'yes,' the court has fully complied with Rule 402(c)." (Emphases in original.) *Id.*

We also explained the State's recitation of the factual basis itself was an extraordinarily simple process because the State can satisfy Rule 402(c) by merely stating "something along the following lines: 'On the date in question, a person at the Urbana Library saw the defendant in the bookstacks exposing himself.' " *Id.* As we noted in *Williams*, such a procedure "would only require a few seconds—not even minutes." *Id.*

¶ 67 Simply stated, no justifiable reason exists for a trial court conducting guilty plea proceedings to fail to procure a sufficient factual basis from the State. We note that this court has previously endorsed the use of a "preflight checklist" of questions trial judges should ask the parties prior to proceeding to a trial in a criminal case to ensure compliance with the defendant's constitutional rights. See *People v. Williams*, 2016 IL App (4th) 140502, ¶¶ 36-37. We need not repeat that checklist here, but we see no reason why a court would not use a similar checklist— that is, a "prelanding checklist"—of questions to be asked prior to accepting a defendant's guilty plea to ensure compliance with the requirements set forth in Rule 402 and section 113-4(c) of the Procedure Code (725 ILCS 5/113-4(c) (West 2024) (providing that a defendant's guilty plea shall not be accepted until the court explains several details to the defendant, such as the maximum and minimum penalty provided by law, the potential for increased sentencing for any future conviction, and how a conviction may impact the defendant's ability to obtain housing or employment). That checklist could include the procedure we outlined in *Williams* and reiterated above to avoid problems that might later arise regarding the propriety of a defendant's guilty plea or any purported confusion a defendant might have about the consequences of pleading guilty. See *Williams*, 2016

IL App (4th) 140502, ¶ 36.

¶ 68       The foregoing notwithstanding, we conclude that under the facts of this case, defendant's claim of ineffective assistance of counsel relating to this issue affords him no relief.

¶ 69       First, defendant waived his claim that counsel provided ineffective assistance by not including it in his motion to withdraw. See *Ratliff*, 2024 IL 129356, ¶¶ 20, 28. As previously explained (*supra* ¶ 36) an issue not raised in a motion to withdraw the defendant's guilty plea or to reconsider the sentence is deemed waived on appeal, and this includes claims of ineffective assistance of counsel. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); see *Davis*, 175 Ill. App. 3d at 1008; *Bien*, 277 Ill. App. 3d at 751.

¶ 70       In addition, we agree with the State that defendant's claim of ineffective assistance fails in any event. To establish prejudice in the context of a guilty plea proceeding or a motion to withdraw a guilty plea, a defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but instead pursued a trial. *People v. Brown*, 2017 IL 121681, ¶ 26; *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 69. Defendant points to nothing in the record suggesting there was a reasonable probability he did not commit the charged offense, and he makes no claim that a proper recitation of a factual basis or the raising of this issue in the trial court would have in any way affected his decision to enter a guilty plea. Accordingly, defendant cannot show he was prejudiced by plea counsel's failure to secure a proper recitation of a factual basis for his guilty plea or by the failure of his sentencing and postsentencing counsel to raise the issue in his motion to withdraw his guilty plea.

¶ 71       Because defendant cannot establish prejudice, his claim of ineffective assistance of counsel fails.

¶ 72       C. Whether Counsel Failed To Strictly Comply With Rule 604(d)

¶ 73 Last, defendant argues that the record refutes the facially valid Rule 604(d) certificates filed by his sentencing and postsentencing counsel and shows his attorneys failed to review the record and make amendments necessary for the adequate presentation of any defects in the plea proceedings. Defendant's argument is unconvincing.

¶ 74 1. *The Applicable Law and Standard of Review*

¶ 75 Rule 604(d) provides, in relevant part, the following:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the guilty plea, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 76 Strict compliance with Rule 604(d) is required, and when a certificate fails to strictly comply with Rule 604(d), the appellate court must remand the matter to the trial court to provide the defendant with the opportunity to file a new postplea motion and hold a new hearing on the motion. *People v. Brown*, 2023 IL App (4th) 220573, ¶ 30. We review counsel's compliance with Rule 604(d) *de novo*. *Id.*

¶ 77 2. *This Case*

¶ 78 In essence, defendant argues his postsentencing counsel failed to comply with Rule 604(d) by neglecting to make necessary amendments to his motion to withdraw. As support, he asserts that at the hearing on his motion, counsel raised an excessive-sentence claim that did not

appear in his written motion. He contends that had counsel complied with Rule 604(d), his motion would have been amended to include the arguments that (1) his sentence was excessive, (2) the trial court failed to properly advise him it was possible for him to receive an extended-term sentence, and (3) the court improperly accepted his guilty plea because it was premised solely upon the parties' stipulation to a factual basis.

¶ 79　　　　The State responds that although defendant is correct that postsentencing counsel did not amend the motion, remand is nevertheless unwarranted. We agree with the State.

¶ 80　　　　This court has previously held that no amendments to a motion to withdraw a guilty plea are necessary when no amendments existed that could have salvaged the motion because the defendant's claims were meritless. *Id.* ¶¶ 43, 50. We conclude in the present case that remand is unnecessary because none of the arguments defendant claims should have been included in an amended motion have any merit.

¶ 81　　　　First, although postsentencing counsel did not include the excessive-sentence claim in the motion to withdraw, the trial court nevertheless permitted counsel to present that claim at the hearing on the motion. Accordingly, defendant has already been provided a full and fair opportunity to raise this argument, which the court ultimately rejected.

¶ 82　　　　Moreover, this claim appears to reflect defendant's mere dissatisfaction with the sentence he ultimately received. Yet, "[a] defendant should not be allowed to withdraw his plea when the real basis for his withdrawal is that he is dissatisfied with the length of his sentence." *People v. Cunningham*, 286 Ill. App. 3d 346, 350 (1997). Accordingly, because the court has already rejected this meritless issue, remand to permit its inclusion in an amended motion to withdraw is unnecessary. See *Brown*, 2023 IL App (4th) 220573, ¶¶ 35, 50 (explaining that defects in pleadings do not justify a remand for further proceedings when (1) postplea counsel files a

facially compliant Rule 604(d) certificate and (2) the trial court determines after a full and fair hearing that the claims are meritless).

¶ 83　　　　Second, regarding defendant's claims that the trial court (1) failed to properly admonish him about the possibility he could receive an extended-term sentence and (2) improperly accepted his guilty plea on the parties' mere stipulation to a factual basis, we have already determined these arguments are without merit. As we earlier explained, the record establishes the court complied with section 5-8-2(b) of the Corrections Code (730 ILCS 5/5-8-2(b) (West 2024)) and properly admonished defendant about the possibility he could receive an extended-term sentence. Additionally, although the court should not have accepted defendant's guilty plea based upon only the parties' stipulated factual basis, the record nevertheless demonstrates that defendant entered his guilty plea knowingly and voluntarily, and defendant makes no claim that the State's explicit recitation of a factual basis would have in any way affected his decision to plead guilty.

¶ 84　　　　In short, "it would be an exercise in futility and a waste of judicial resources to remand for an attorney to replead a claim that has already been adjudicated meritless." *Brown*, 2023 IL App (4th) 220573, ¶ 50. Because none of the arguments defendant claims should have been included in an amended motion to withdraw have merit, we agree with the State that remand is unwarranted under the circumstances of this case.

¶ 85　　　　　　　　　　　　　III. CONCLUSION

¶ 86　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 87　　　　Affirmed.